Sellards, &c., vs. Zomes.

CASE 15—PETITION ORDINARY—APRIL 22.

# Sellards, &c., vs. Zomes.

### APPEAL FROM GREENUP CIRCUIT COURT.

1. *Dismission or release of one or more joint trespassers.*—The liability of joint trespassers is several, and any one or all of them may be sued for the entire wrong; consequently, since the statute of 1836, authorizing several judgments.

    *A dismission or release* of one or more who are sued for trespass, cannot, *per se*, release the others.

2. *To excuse military impressment,* there must not only have been military necessity, but it must have been so imminent as not to allow delay. (*Mitchell vs. Harmony,* 13 *Howard,* 115.)

3. *Private property cannot be taken for public use* without just compensation, either in peace or in war. In war, pressing emergency may authorize seizure before making or providing for compensation; but to excuse the taking without the owner's consent, the necessity must be apparent and instant, *leaving no legal and available alternative.* (*Eifort, &c., vs. Bevins,* 1 *Bush,* 461; *Jones vs. Commonwealth, Ib.,* 40; *Mitchell vs. Harmony,* 13 *Howard,* 115.)

4. In this case the strong inference is, *that the horse was taken* under false pretense, and for private or some other use, which would not excuse the caption; and if so, the order of the officer to take the horse was illegal, and did not justify the captors.

WM. C. IRELAND and
GEO. M. THOMAS,                                      For Appellants,
                         CITED—
    1 *Johnson's Rep.,* 290 ; *Livingston vs. Bishop.*
    1 *Chitty's Pleadings, p.* 79.
    1 *Mar.,* 433 ; *Riley vs. McGee.*
    1 *Mar.,* 457 ; *Ewing vs. Ford.*

E. C. PHISTER,                                       For Appellee,
                         CITED—
    1 *Bush,* 35 ; *Jones vs. Commonwealth.* ⋆
    1 *Bush,* 69 ; *Farmer vs. Lewis.*

13 *How.*, 135; *Mitchell vs. Harmony.*

1 *Bush*, 461; *Eifort, &c., vs. Bevins.*

17 *B. Mon.*, 691; *Botts vs. Williams.*

17 *B. Mon.*, 188; *Waller vs. Martin.*

*Civil Code, sec.* 402; *Ib., Myers, p.* 502

—*MS. Opin., Green vs. Redman.*

*Act of* 1839, *Loughborough, p.* 573.

4 *Met.*, 333; *Buckles vs. Lambert.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

To an action by the appellee against the appellants for forcibly taking and converting his horse, in the fall of the year 1862, they pleaded the justification of a military order by a Federal officer to impress horses for pursuing a Confederate force which had, the night before, left Boone Furnace, near which the appellant's horse was taken; and also pleaded the appellee's release of one of their co-actors and defendants.

Under instructions as favorable to the appellants as the facts and law would allow, the jury returned a verdict for one hundred dollars damages, and the court adjudged that amount to the appellee.

As the verdict was authorized by the evidence, only two questions remain for consideration—1st. The legal effect of the release; and, 2d. The sufficiency of the alleged justification.

1. The liability of joint trespassers is several, and any one or all of them may be sued for the entire wrong; consequently, since our statute of 1836, authorizing several judgments, a dismission or release of one or more who are sued, cannot, *per se*, release the others.

2. To excuse the impressment, there must not only have been military necessity, but it must have been so imminent as not to allow delay. (*Mitchell vs. Harmony*, 13 *Howard*, 135.)

Private property cannot be taken for public use without just compensation, either in peace or in war. In war, pressing emergency may authorize seizure before making or providing for compensation; but to excuse the taking without the owner's consent, the necessity must be apparent and instant, *leaving no legal and available alternative*.

The jury was authorized to decide that no such necessity excused the impressment of the appellee's horse. The Confederate force was not pursued; and, considering the relative positions and numbers of the opposing forces, it is not probable that the Federal then intended to pursue the Confederate force; and this deduction is fortified by the fact that most of the Federal force immediately turned its back on the enemy, and, crossing the Ohio river, were soon quartered at Portsmouth, Ohio. In that backward movement, the Federals carried off the appellee's horse, *which has never been restored*. The strong inference is, that the horse was taken under false pretence, and for private or some other use, which would not excuse the caption; and if so, the order to take was illegal, and did not justify the captors. (*Eifort, &c., vs. Bevins*, 1 *Bush*, 461; *Jones vs. The Commonwealth, Ib.*, 40, and the case supra.)

Wherefore, the judgment is affirmed.