*Petrie & Reeves, for appellant.*

*Feland & Evans, for appellee.*

---

DALLAS MERCER *v.* J. T. HUMPHREY.

**Evidence—Judicial Notice—Historical Fact.**
> The court judicially knows, as a matter of history, that in July and August, 1864, the confederate forces occupied no portion of Kentucky, and that except a few small detachments of irregular cavalry, there were no hostile troops within her borders.

**Militia—Seizure of Private Property.**
> The necessity for seizing private property in violation of the provisions of the Constitution of the state was held not so insistent and overwhelming as to leave "no legal avoidable alternative."

**Militia—Authority to Commit Trespass.**
> Militia officers were held to have no authority to give one the right to commit a trespass upon the property of citizens.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

October 1, 1873.

OPINION BY JUDGE LINDSAY:

Mercer's answer, as amended, shows that he was not a soldier in the army of the United States, but a member of a command in

the service of the state of Kentucky. His right, and the right of those under whom he acted, to take and appropriate for the public use the property of a citizen of Kentucky, was limited by the constitution of the state, which provides, in the 14th section of Bill of Rights, "that no man's property shall be taken or applied to public use without the consent of his representatives, and without just compensation being previously made."

It is not contended that compensation was first made to Humphrey for the horse, saddle and bridle taken from him, nor that he was ever furnished with a certificate or other evidence necessary to enable him to establish his claim therefor against the state.

If it be admitted that the existence of a state of war can so far suspend the operation of the constitution of Kentucky as to authorize those in her service to seize the private property of her citizens without first making compensation, it must in all cases clearly and unmistakably appear that the necessity was "apparent and instant, leaving 'no legal and avoidable alternative." *Sellards, etc., v. Zomes,* 5 Bush 90. It is not stated in the answer nor the amendment thereto, that a public enemy was present at the time the horse in question was taken, and no reason is shown why their officers, who aided the repressment, could not at the same time have made or caused to be made the compensation to which appellee was entitled.

The pleadings relied on as setting up a defense to the action show that the command to which appellant was attached was not in the presence of the public enemy, but was preparing to go to a different portion of the state to put itself under the command of a United States officer.

Besides this the courts judicially know, as a matter of public history, that in July and August, 1864, the confederate forces occupied no portion of Kentucky, and that except a few small detachments of irregular cavalry there were no hostile troops within her borders. Hence, the necessity for seizing in violation of the express letter of the constitution the private property of her citizens was not so insistent and overwhelming as to leave "no legal and avoidable alternative."

Neither the orders of the adjutant-general of Kentucky, nor of Colonel Vick, nor of General Hobson, could give to appellant the right to commit a trespass. An unlawful act can not be justified

by unlawful authority or command.    *Hogue v. Penn*, 3 Bush 663.

The circuit court properly sustained the demurrer to the original answer, and also properly refused to allow the amended answer to be filed.

Judgment *affirmed*.

*Ricketts, for appellant.*

*Reeves, for appellee.*