## McGee, et al. v. Vanover.

(Decided June 5, 1912.)

### Appeal from Laurel Circuit Court.

1. Action—Will Not Lie in Favor of Woman for Suffering Caused by Fright Alone.—A cause of action will not lie in favor of a woman for pain and suffering resulting solely from fright, unaccompanied by physical injury, superinduced by an assault and battery committed upon her husband in her presence; the damages being too remote and speculative.

2. Action—Wife May Recover Against One Who in Assaulting Husband Assaulted Her.—But where an unjustifiable assault and battery is committed upon the husband, in her presence, by two persons, one of whom in assaulting the husband, struck or pushed the wife out of his way; the striking or pushing of the wife constituted an assault and battery upon her and furnished the necessary physical impact which, if it in whole or in part, caused her the fright and other injuries complained of, entitled her to have the case go to the jury as to him; but not as to the other wrongdoer whose assault and battery upon the husband merely contributed to her fright.

3. Judgment—Reversal of as to One Wrongdoer—May be Affirmed as to Other.—Although the error of the trial court in refusing to grant a peremptory instruction as to the appellant McGee will compel a reversal of the judgment as to him, it is affirmed as to the appellant Evans, who was guilty of the assault and battery committed, as stated, upon appellee. Where several tort feasors are sued jointly, and a joint verdict returned, a new trial may be granted as to some of them, and the full amount of the judgment left standing as to the others; so there may be a reversal as to some and an affirmance as to others.

O'REAR & WILLIAMS, W. E. BEGLEY for appellants.

GEORGE G. BROCK, REAMS & SETTLE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming in part and reversing in part.

The appellee, Nancy Vanover, with her husband, A. L. Vanover, in this action, brought in the court below for the benefit of the former, recovered of the appellants, Mike McGee and J. E. Evans, $500 damages resulting to her from an assault and battery alleged to have been committed by Evans upon her, and by Evans and McGee upon her husband, in her presence; and from the judgment entered upon the verdict for that amount McGee and Evans have appealed.

It was, in substance, alleged in the petition, that the appellants, McGee and Evans, at Laurel Creek Church, in Laurel County, unlawfully assaulted, beat and bruised A. L. Vanover, in the appellee, Nancy Vanover's presence; and that the appellant, Evans, while engaged in the assault upon the husband struck, pushed and injured her. It was further alleged in the petition that the appellee, Nancy Vanover, was at the time enceinte and that she was greatly frightened by the conduct of the appellants in assaulting and beating her husband, and also frightened and injured by the act of appellant, Evans, in striking and shoving her, by which fright thus occasioned by the joint acts and conduct of the appellants, and the striking and pushing of her by the appellant, Evans, she was immediately, and for three weeks thereafter, continuously subjected to great physical and mental suffering, which caused the premature birth of her child, commonly called an abortion or miscarriage.

The joint answer of the appellants simply traversed the averments of the petition.

According to the evidence the appellant, McGee, entertained ill-will toward A. L. Vanover, which he manifested upon two occasions within a week of the difficulty by saying to other persons that he intended to give Vanover a whipping upon meeting him. On Sunday, the day of the difficulty, Vanover, and wife went to Laurel Creek Church and secured seats therein near a window of the building, the husband being between the wife and the window. Shortly thereafter the appellant, McGee, approached the window on the outside of the building and requested Vanover to come out that he might talk with him. Vanover complied with the request and had been out of the church but a little while when he and the appellant, McGee, became engaged in a fight, seeing which, the appellee, Nancy Vanover, ran out of the church to where the fight was in progress and upon reaching the combatants found them on the ground still fighting; but they were quickly separated by bystanders, following which, she and her husband started to leave the grounds when they were intercepted by the appellant, Evans, a brother-in-law of McGee, who seized A. L. Vanover by the throat with one hand, the other being thrust in his pants pocket as if to draw a weapon. The bystanders again interferred and released Vanover, who again started to leave followed by the wife. They had

gone but a few steps when the appellant, Evans escaped from the hands of those who were restraining him and attempted to renew the attack upon A. L. Vanover, in doing which, he ran against the appellee, Nancy Vanover, and struck or thrust her to one side that he might reach the husband, but was prevented from again attacking the latter by the wife with the assistance of bystanders.

It was shown by the evidence that Mrs. Vanover at once became ill; her pain and suffering, attended by menstrual flooding, being manifest from the time the fight ended until she left for her home; moreover, that the pain and suffering also continued, with intervals of flooding, for two or three weeks and finally resulted in the miscarriage complained of.

The weight of the evidence was to the effect that the assault and battery committed by the appellants upon Vanover, as well as the act of the appellant, Evans, in striking or pushing the appellee, Nancy Vanover, was without justification; indeed, in view of the previous threats of McGee and his calling Vanover from the church, the conclusion is inevitable that the former was endeavoring to carry into effect his avowed purpose to inflict upon Vanover the promised chastisement. The evidence fails to show the existence of any previous ill-will upon the part of the appellant, Evans, towards Vanover, and his participation in the difficulty at the church was doubtless due to his regard for his brother-in-law, McGee; but in interferring in McGee's behalf he acted at his peril, for if the assault and battery committed by McGee upon Vanover was not justifiable, Evans' conduct in assaulting Vanover and the latter's wife on account of McGee was unlawful and unauthorized.

Appellants filed numerous grounds in support of their motion for a new trial but as all of these grounds save three, were based upon rulings of the trial court, to which appellants took no exception, they will not be considered on the appeal. The three grounds which it will be proper for us to consider are:

1st. That the court erred in overruling appellant's motion for a peremptory instruction at the conclusion of the evidence.

2nd. That the verdict was flagrantly against the evidence.

3rd. That the verdict is excessive in amount.

We are clearly of the opinion that the motion for a peremptory instruction should have been sustained as to the appellant, McGee, in whose behalf the jury should have returned a verdict, as it is apparent from the evidence that the appellee, Nancy Vanover's, complaint against him rests solely upon the ground of the fright occasioned her by the assault and battery committed upon her husband. In other words, the fright caused her by the wrongful conduct of McGee towards her husband, was unaccompanied by any threatened or actual physical impact with her, or physical injury resulting to her from his acts; and it seems to be well settled that the law allows no recovery for injuries resulting from mere fright, caused by the wrongful act or negligence of another, where no immediate personal injury is received. In Reid, &c. v. Ford, 129 Ky., 471, we held that a demurrer was properly sustained to the petition, which sought a recovery in behalf of a woman, for pain and suffering resulting in a threatened miscarriage, which was caused solely from fright superinduced by one who, in her hearing, assaulted a third person occupying a room in her house, as the pain and suffering were unaccompanied by any physical injury inflicted upon her by the wrongdoer. In the opinion it is said:

"The pain and suffering alleged resulted solely from fright and were unaccompanied by any physical injury. The damages sought to be recovered are too remote and speculative. The injury is more sentimental than substantial; being easily simulated and hard to disprove there is no standard by which it can be justly or even approximately, compensated. As said by this court in Reed v. Maley, 115 Ky., 816, a case in which the question here involved was considered: 'The objection to a recovery for injury occasioned without physical impact is the difficulty of testing the statements of the alleged sufferer, the remoteness of the damages, and the metaphysical character of the injury considered apart from physical pain.'"

In Reed v. Maley, supra, the plaintiff's right to recover was based upon the unlawful act of the defendant in proposing to her to have sexual intercourse with him; it being alleged that the defendant thereby committed a trespass against her person; whereby she was frightened and caused great mortification and shame,

and in consequence thereof greatly excited and damaged. The action of the circuit court in sustaining a demurrer to the petition was affirmed by this court upon the ground that a cause of action will not lie in favor of a woman against a man, who, without trespass or assault, solicits her to have sexual intercourse with him. In Morse v. The C. & O. Railway Company, 117 Ky., 11, it was held that no recovery can be had for personal injury resulting from fright occasioned by the negligence of another, where there is no immediate personal injury, trespass to real estate, or some contract relation. The action was one for damages on account of fright, mental suffering and superinduced nervous prostration and injury, although there was no contemporaneous physical injury inflicted. The facts relied upon by the plaintiff to support her cause of action were, in substance, that she owned a house and lot on the west side of Main street, in the village of Quincy, Lewis County, in which she resided at the time of her alleged injury; that the street was thirty feet wide and that appellee's depot, grounds and switch yards were located immediately opposite her residence on the left side of Main street; that a short time previous to the commission of the acts complained of, the appellee constructed in its yards a switch from its main track to the east side of the street, directly opposite her residence; that it failed to erect a bumping post at the end of this track; and that as a consequence, thereafter several of appellee's cars were backed over this switch out into the street, within fifteen feet of her lot and toward her residence where she was at the time, which greatly frightened and alarmed her, in consequence of which she suffered such nervous prostration and physical disability as to confine her to her room for more than two months, under medical treatment, and at great expense, etc. In the opinion it is said:

"The law requires that there be no intentional or negligent trespass upon the person or property of another, and if this duty is violated a cause of action exists in favor of the party whose person or property has been invaded, against the violator. But there is no obligation to protect from fright and the consequences thereof when disconnected with and unaccompanied by a legal duty. If so, the man whose house caught on fire by negligence would be liable in damages to his neighbor who became frightened for fear the fire would spread and

consume his own house. Or in case a horse was negligently permitted to escape in the streets of a town, and in consequence thereof a woman standing on the sidewalk became frightened to such an extent as to result in nervous prostration, although not in fact suffering any physical contact or injury, she would be entitled to sue the owner of the horse for damages. These cases illustrate the danger of opening the door to imaginary claims, if the rule should be adopted, and a recovery permitted for mere fright and its consequences. While the authorities are not absolutely uniform we have reached the conclusion that no recovery should be allowed for injuries resulting from fright occasioned by negligence, where there is no immediate injury, trespass to real estate or some contract relation.'' (Lehman v. Brooklyn, &c., Co., 37 Hun., 355; Spade v. Linn & Br. Co., 168 Mass., 285; Victorian Railway Co. v. Coultas, L. R., 13, App. Cas., 222; Ward v. West Jersey and S. R. Co., 65 N. J. L., 384; Braun v. Craven, 175 Ill., 401; Ewing v. P. C. C. & St. L. Ry. Co., 147 Pa., 40.)

It will be found that the authorities also agree that no recovery can be had for physical injuries resulting from fright because of another's danger. Even the cases permitting a recovery because of one's own danger, the injuries being sustained as a result of fright, recognize this limitation. Thus in Sanderson v. Northern P. Ry. Co., 88 Minn., 162, it was held that no recovery could be had for personal injuries suffered by a woman due solely to fright and grief, caused by the attempt to put her children off the car on which they were riding, where there was no tort against her and no fear on her part of any physical danger or personal violence. In the opinion it is declared that in order to recover for injuries caused by fright there must have been a legal wrong to the person frightened. In Bucnam v. Great Northern Ry. Co., 76 Minn., 373, the right of a woman who had entered the waiting room of a railway station, to recover from fright and nervous shock resulting in physical injuries, because of a wrongful act of the station agent in unlawfully charging her companion with not being her husband and using violent, threatening and abusive language to him and ordering him to leave the room, was refused on the ground that the use of the abusive language to her husband was not an infraction of her legal rights and hence not a legal

wrong to her, and for the further reason that she apprehended no danger to herself, or at least could not reasonably do so, since she was in no place of peril. (Bell v. Great Northern R. Co., I. R. L. R., 26 Eq., 428; Mahoney v. Dankwart, 108 Iowa, 321; C., C. C. & St. L. Ry. Co. v. Stewart, 24 Ind. App., 374; Fleming v. Lowell, 59 Atl., 28; Houston v. Fremensburg, 212 Pa., 548, 3 L. R. A., 50.)

It is not alleged in the petition or shown by the evidence, that the appellant, McGee, struck, assaulted or otherwise came in contact with the appellee, Nancy Vanover, during his fight with her husband; nor is it alleged, or proved, that she apprehended any danger or injury to her person from him; but her sole complaint, as to him, was that the fright occasioned by his assault and battery upon her husband, superinduced the pain and suffering she sustained together with the subsequent miscarriage. In view of the rule announced by the authorities, supra; she should not have been allowed to recover as against the appellant, McGee.

The attitude of the appellant, Evans, with respect to the injuries sustained by the appellee, Nancy Vanover, is wholly different; as it was charged in the petition, and shown by the evidence, that he struck or pushed her in assaulting her husband. He failed to deny the fact thus established by all the other witnesses, and admitted he might have come in contact with her while assaulting her husband. He denied, however, that this was intentional. In our view of the case the striking or pushing of the wife by Evans, whether intentional or otherwise, that he might get to and make an attack upon her husband, furnished the physical impact essential to her right of action; and if such physical impact alone, or together with his other wrongful acts complained of, caused, in whole or in part, the fright and other injuries sustained by appellee, she was entitled to have the case go to the jury, as to him. Obviously, if, as the evidence conduced to prove, Evans in wrongfully attempting to commit an assault and battery upon the husband forcibly came in contact with the wife, who stood between him and the object of his wrath; his act, in so doing, was as much an assault and battery upon her as if she, instead of the husband, had been the object of his attack. If one unlawfully and with malice aforethought, not in his necessary self-defense, shoot at another and kill an innocent bystander instead of the intended victim, his act would

be as much murder as if he intended the shot for the person slain.

It is, however, insisted for the appellants, that as appellee made a trip to Leslie County and back to her home in a road wagon, between the occurrences at the church and the date of the miscarriage, and there was some evidence conducing to show that the miscarriage might have resulted therefrom, a peremptory instruction directing the jury to find for them was authorized on this ground. This contention rests upon the theory that where it is made to appear that an injury resulted from one of two causes, only one of which was due to the wrongful act or negligence of the defendant, and it is as apparent that the injury resulted from one of these causes as from the other, there can be no recovery. We do not think this rule should be made to apply to the facts of this case. It is true that the appellee did make the trip to Leslie County, but the wagon in which it was made was provided with a spring seat and cushion, which made it reasonably comfortable for traveling, and, while according to her own admission, she suffered at times some discomfort and pain during the trip, she further testified that such pains were not so great as were those with which she suffered before and after the trip to Leslie County; in other words, it was made to appear by the evidence that the pain and suffering of the appellee began with the assault and battery committed upon her husband, and continued down to and following the miscarriage. If the violence done her person by the appellant, Evans, and the fright resulting to her therefrom, as well as his other acts in that connection, caused the miscarriage, the miscarriage was but one of the injuries resulting from his wrongful acts, and any physical or mental suffering she may have endured from the miscarriage, or independently thereof, as the result of his wrongful acts, should have been considered by the jury in fixing the amount of the appellee's damages.

She was not, however, entitled to recover for the grief resulting to her from the loss of her offspring, nor did the instructions given by the court permit the jury to take into consideration such an element in determining the amount of appellee's damages; for as said in the opinion in Big Sandy R. R. Co. v. Blankenship, 133 Ky., 443, quoting with approval from Vovee v. Danville, 53 Vt., 183:

"If the violence done her person results in the mis-

carriage, the miscarriage was the legitimate result of such negligence. Any physical or mental suffering attending the miscarriage is a part of it, and a proper subject for compensation. But the rule goes no further. Any injured feelings following the miscarriage not part of the pain naturally attending it, are too remote to be considered an element of damage. If the plaintiff lamented the loss of her offspring, such grief involves too much an element of sentiment to be left to the conjecture and caprice of a jury. If, like Rachael, she wept for her children, and would not be comforted, a question of continuing damages is presented, too delicate to be weighed by any scales the law has yet invented."

If it could be said in the instant case that the miscarriage suffered by the appellee was caused by the trip to Leslie County, that fact would not entitle the appellant, Evans, to a verdict, as it is fairly apparent from the evidence that the blow or impact which appellee sustained at his hands or person, of itself, constituted an assault and battery, and caused a shock to her nervous system, which in some measure contributed to the fright and subsequent suffering which she indured, independently of the miscarriage; and on this account she was entitled to recover, regardless of the suffering attending the miscarriage. In our view of the case there was evidence tending to show that the wrongful conduct of the appellant, Evans, referred to, was the proximate cause of much of the suffering which appellee endured, although the miscarriage which followed may have been caused by the trip to Leslie County. In no aspect of the case does the record furnish any ground for sustaining appellants' contention that the verdict was flagrantly against the evidence.

We find no merit in appellants' final contention that the verdict is excessive; $500 is not too much, by way of compensation, for the wrong and suffering sustained by the appellee at the hands of the appellant, Evans. Moreover, it is not to be overlooked that the case is one in which punitive damages were recoverable, for the assault and battery committed by the appellant, Evans, upon the appellee resulted from an unlawful and malicious attempt upon his part to assault and beat her husband. It is, therefore, impossible to tell how much of the verdict was awarded by way of compensatory, and how much by way of punitive damages, and, whether intended by the jury to be confined to compensatory damages, or to in-

clude both compensatory and punitive damages, it is not in our opinion excessive.

It is useless to consider the complaint made of the instructions by appellants' counsel, as the record fails to show that they were objected to by appellants on the trial. This being true, we are without power to reverse the judgment for any error they may be found to contain. Appellants did, however, enter an exception to the refusal of the trial court to grant the peremptory instruction asked by them. The refusal of the peremptory instruction as to the appellant, Evans, was proper, but its refusal as to the appellant, McGee, was error; which, being prejudicial to his substantial rights, will necessitate a reversal of the judgment as to him. But the reversal of the judgment, as to the appellant, McGee, cannot effect the validity of the judgment as to the appellant, Evans, for where several tort feasors are sued jointly, and a joint verdict returned, a new trial may be granted as to some of them, and the full amount of the judgment left standing as to the others. So there may be a reversal as to some and an affirmance as to others. Civil Code, sections 369, 370, 373; Loving v. Commonwealth, 103 Ky., 534; Lou. S. R. R. v. Tucker, 105 Ky., 492; Sellards v. Zomes, 5 Bush, 90; Buckles v. Lambert, 4 Met., 330.

For the reasons indicated the judgment is affirmed as to the appellant, Evans, but reversed as to the appellant, McGee, and remanded with directions to the circuit court to grant him a new trial and for further proceeding consistent with the opinion.

Whole court sitting.