## Chesapeake & Ohio Ry. v. Robinett
(Decided January 29, 1913.)

### Appeal from Floyd Circuit Court

1. Assault and Battery—When Action Will not Lie in Favor of Infant for Assault Upon Father—Railroads.—A cause of action will not lie in favor of an infant female for pain and suffering resulting solely from fright, unaccompanied by physical injury, superinduced by a wrongful assault and battery committed upon her father, in her presence, by the conductor of a train and his assistants; the damages in such a case being too remote and speculative.

2. Assault and Battery—When Assault Upon the Father Is Assault Upon Daughter—Liability of Railroad Company for Act of Conductor.—But where in committing an unjustifiable assault upon the father, the conductor, or he and his assistants, knocked or threw him against or upon the daughter, thereby causing her to be violently forced against the end of a car seat or side of the car and injuring her person, such act constituted an assault and battery upon the daughter, as it furnished the necessary physical impact which, if it caused her the pain and fright complained of, entitled her to recover of the railroad company such damages as were thereby caused her.

WALTER S. HARKINS, JOSEPH D. HARKINS, WORTHINGTON, COCHRAN & BROWNING and F. T. D. WALLACE, for appellant.

JAMES GOBLE, for appellee.

Opinion of the Court by Judge Settle—Reversing.

In this action, the infant appellee, Elizabeth Robinett, in her own right and by her father as next friend, recovered of the appellant, Chesapeake and Ohio Railway Company, in the court below, a verdict and judgment for $500.00 damages, on account of an assault and battery alleged to have been wrongfully committed upon her,

while a passenger on one of its trains, by the conductor thereof and others of the crew, in charge of the train. Appellant complains of the judgment and refusal of the circuit court to grant it a new trial, hence this appeal.

It was, in substance, alleged in the petition that she and her father, with round trip tickets in their possession, got aboard of the train at Catlettsburg for the purpose of returning to their home at Harold, Floyd county, from which they had that morning gone to Catlettsburg. That soon after, together, taking a seat in the car, her father leaned his head on the back of a seat in front of them and fell asleep; that shortly thereafter appellant's conductor approached them and demanded of her father his ticket, whereupon she told the conductor that her father was asleep and she would get from him his ticket and deliver it to him; but that the conductor refused to permit her to do so, and before her father could be awakened, without provocation, violently assaulted, struck and knocked him against her and across her lap, causing the father's head to come in contact with and break the glass in the car window and his body to knock her against the arm of the car seat or window, thereby injuring her side and causing her great pain and fright.

It was further alleged in the petition that after the conductor had thus assaulted her father and injured her, he and other servants of appellant wrongfully and forcibly ejected her father from the train; that his ejection from the train caused her two brothers, who were on the same train, to get off that they might remain with and care for their father, which left her in the car suffering from the injury to her side and from fright, with none of her family present to minister to her needs during the remaining fifty miles of her journey.

The appellant's answer traversed the averments of the petition as to the injuries sustained by the appellee, but admitted the assault and battery upon the father, alleging justification, however, on the grounds that he refused to give up his ticket when requested by the conductor to do so, and that upon being told by the conductor he must surrender the ticket or pay his fare, he cursed and kicked the conductor and one of his assistants; whereupon the former in his necessary self-defense and in defense of his assistants, struck and shoved

him over on the seat, but not upon or against appellee, and later, with the aid of his assistants, put him off the train. It was further alleged in the answer that the ejection of appellee's father was rendered necessary by his refusal to surrender his ticket or pay his fare, and by his abuse of and assault upon the conductor and assistants, and that his removal from the train was accomplished without unnecessary force or violence.

Appellant complains that the court erred in refusing to give the peremptory instruction asked by it at the conclusion of appellee's evidence and again after all the evidence was introduced. This complaint is based upon the theory, not that there was no evidence in appellee's behalf which conduced to prove the facts relied on as showing a right of recovery, but because the facts themselves did not entitle her to recover. In other words, it is argued that the assault and battery complained of, even if not justifiable as claimed by appellee, was committed upon her father and not upon her and that for fright or injury, which she may have sustained from the assault and battery committed upon the father or any consequence thereof, appellant cannot be held liable. This contention rests upon a misapprehension of the law. This question was directly decided in McGee, &c. v. Vanover, 148 Ky., 737. In that case the plaintiff, Nancy Vanover, sued to recover of the defendants, McGee and Evans, damages for an assault and battery committed by them upon her husband in her presence, and in committing which, Evans struck or pushed and injured her. She obtained a verdict and judgment against both McGee and Evans. On an appeal taken by the latter we reversed the judgment as to McGee, and affirmed it as to Evans. This was because it was neither alleged in the petition nor shown by the proof, that the assault and battery committed by McGee upon her husband, though in her presence, was accompanied by any physical impact with or physical injury to her, and that for pain and suffering resulting to her solely from fright, superinduced by the assault and battery committed upon her husband by McGee, the damages were too remote and speculative to authorize a recovery as to him. But the recovery was allowed to stand as to Evans because it was alleged in the petition and shown by the evidence that he, in committing an unjustifiable assault and battery upon the husband, struck or pushed the wife out

of his way, which constituted an assault and battery, upon her as it furnished the necessary physical impact which, if, it in whole or in part, caused her the fright and other injuries complained of, entitled her to have the case go to the jury as to him. Explanation of the foregoing ruling will be found in the following excerpt from the opinion:

"It is not alleged in the petition or shown by the evidence, that the appellant, McGee, struck, assaulted or otherwise came in contact with the appellee, Nancy Vanover, during his fight, with her husband; nor is it alleged, or proved, that she apprehended any danger or injury to her person from him; but her sole complaint, as to him, was that the fright occasioned by his assault and battery upon her husband superinduced the pain and suffering she sustained together with the subsequent miscarriage. In view of the rule announced by the authorities, supra, she should not have been allowed to recover as against the appellant, McGee.

"The attitude of the appellant, Evans, with respect to the injuries sustained by the appellee, Nancy Vanover, is wholly different; as it was charged in the petition, and shown by the evidence, that he struck or pushed her in assaulting her husband. He denied, however, that this was intentional. In our view of the case, the striking or pushing of the wife by Evans, whether intentional or otherwise, that he might get to and make an attack upon her husband, furnished the physical impact essential to her right of action; and if such physical impact alone, or together with his other wrongful acts complained of, caused, in whole or in part, the fright and other injuries sustained by appellee, she was entitled to have the case go to the jury, as to him. Obviously, if, as the evidence conduced to prove, Evans in wrongfully attempting to commit an assault and battery upon the husband forcibly came in contact with the wife, who stood between him and the object of his wrath; his act, in so doing, was as much an assault and battery upon her as if she, instead of the husband, had been the object of his attack. If one unlawfully and with malice aforethought, not in his necessary self-defense, shoot at another and kill an innocent bystander instead of the intended victim, his act would be as much murder as if he intended the shot for the person slain."

The same principle, though applied to a different state of facts, was announced by us in Read, &c., v. Ford, 129

Ky., 471; Read v. Malley, 115 Ky., 816; Moss v. C. & O. Ry. Co., 117 Ky., 11; and approved in the following cases in other jurisdictions. Lehman v. Brooklyn, &c., Co. 37 Hun., 355; Spade v. Linn & Br. Co., 168 Mass., 285; Victorian Railway Co. v. Coultas, L. R. 13, App. Cas., 222; Ward v. West Jersey and S. R. Co., 65 N. J. L. 384; Braun v. Craven, 175 Ill., 401; Ewing v. P. C. C. & St. L. Ry. Co., 147 Pa., 40; Sanderson v. Northern P. Ry. Co., 88 Minn., 162; Bucnam v. Great Northern Ry. Co., 76 Minn., 373; Bell v. Great Northern R. Co., I. R. L. R., 26 Eq., 428; Mahoney v. Dankwart, 108 Iowa, 321; C. C. C. & St. L. Ry. Co. v. Stewart, 24 Ind. App. 374; Fleming v. Lowell, 59 Atl., 28; Houston v. Fremensburg, 212 Pa., 548; 3 L. R. A., 50.

It follows from what has been said that although the ejection of appellee's father from the train by appellant's conductor and his assistants, may have been unauthorized, she cannot recover of appellant for the mere fright thereby caused her or because of being thereby left on the train unattended by any of her family, during the remainder of her journey home. It is likewise true that appellant is not liable for mere fright suffered by appellee from the assault and battery committed by its servants upon her father, in her presence, when or before ejecting him from the train, however wrongful same may have been, unless the assault and battery upon the father caused his body to be thrown upon or against her as alleged in the petition, and by that means caused the injury to her person and consequent fright and suffering complained of. If therefore, appellant's servants in wrongfully committing the assault and battery upon her father knocked or threw him upon her, that act, as held in McGee, &c., v. Vanover, supra, constituted an assault and battery upon her, for it furnished the necessary physical impact which, if it, in whole or in part, caused her the injury and fright resulting from such physical impact complained of, entitled her to recover against appellant such damages as she may have sustained thereby.

If we have correctly applied the law to the facts appearing in the record, there was no error in the refusal by the trial court of the peremptory instruction asked by the appellant.

The record furnishes no ground for sustaining appellant's further contention that the verdict was flag-

rantly against the evidence. On the contrary it presents abundant evidence to support appellee's contention that appellant's conductor without right or provocation committed the assault and battery upon her father, and injured and frightened her as alleged in the petition.

As the conductor was adjudged a lunatic before the trial of the case, appellee and her father, being parties to the action, were not permitted, by the court, to testify as to the conversation that took place between them and the conductor at the time of the assault upon the father, but were allowed to testify as to the character of her injuries and consequent suffering. Numerous other witnesses, however, related all that was then said and done. Two of these witnesses were brothers of appellee and one a cousin, but five or six of them were in no way related to her. According to the testimony of these several witnesses, appellee's father, when approached by the conductor, was asleep; that the conductor violently shook him and demanded his ticket and was informed by appellee that her father was asleep and that she would get from him his ticket and deliver it to him, the conductor, and that the latter without waiting for her to do so, seized the father by the shoulder or hair, pushing his head against the back of the seat behind him; that appellee's father then attempted to rise, and the conductor struck him in the face or head with what looked like a policeman's billy, which knocked his body with great violence against and upon that of appellee, forcing her against the end of the car seat and caused his head to break the glass in the car window, following which the conductor and his assistants seized the person of the father and carried him to the platform of the car and put him off the train.

According to the further testimony of these witnesses appellee was so frightened when her father's body was knocked upon her that she screamed and got with two persons in front of her by climbing over the back of the seat they were occupying, and throughout the difficulty manifested great distress of mind. That they did not see appellee's father strike or kick the conductor or his assistants, but that he resisted removal from the car after being taken from his seat.

The evidence introduced in appellant's behalf was furnished by the three assistants of the conductor and numerous passengers upon the train, perhaps exceed-

ing in number the witnesses introduced in behalf of appellee. Their testimony was in most respects contradictory of that of appellee's witnesses and, as a whole, it conduced to establish the defense interposed by appellant's answer, as it was to the effect, that appellee's father upon being asked by the conductor for his ticket, refused to deliver it and began to curse and abuse the officer; that upon being told by the conductor that if he did not give up his ticket or pay his fare he would be put off the train, he still refused to give up his ticket and administered a kick each to the conductor and one of his assistants, whereupon the conductor and assistants seized and put him off the train, in doing so using no more force than was necessary to that end. It will thus be seen that the evidence was so conflicting as to make it difficult to determine whether it preponderated in favor of the appellee or appellant. A verdict either way could not have been declared flagrantly against the evidence. Being favorable to the appellee, no reason is apparent for disturbing it on the ground indicated.

Appellant's complaint of the instructions is, in our opinion, well founded. Two, of the three instructions given, were fatally defective, in that they confined the right of the jury to find for appellant to the single ground, that the only justification its servants could have, in law, for inflicting on appellee an injury, resulting from an assault and battery by them upon the person of her father, was that it must have been committed in overcoming, without unnecessary force, the resistance of the latter to his ejection from the train, because of his refusal, upon the request of the conductor to surrender his ticket or pay his fare, as a passenger, or because of his being drunk and disorderly on the train. Whereas the assault and battery, upon appellee's father, although resulting in injury to her, would also have been justifiable, if, as there was evidence tending to show, he, upon being asked for his ticket and before there was any attempt to eject him from the train, wrongfully first assaulted the conductor or the latter and one of his assistants, by kicking him or them, and he or they in repelling the assault, used no more force than was necessary or reasonably appeared to them to be necessary to that end.

In addition to the objection to the instructions mentioned, neither, nor the only other one in the case defined

to the jury the measure of damages. Whether considered singly or as a whole, the instructions were misleading to the jury and prejudicial to the appellant's substantial rights.

On another trial the jury should be instructed as follows:

1. If the jury believe from the evidence that the plaintiff and her father were passengers on the defendant's train and the father had a ticket entitling him to be carried on the train to his home; and that while asleep he was asked by the conductor for his ticket and plaintiff informed the conductor that her father was asleep, but that she would get from him the ticket and deliver it to the conductor; and shall further believe from the evidence that the conductor, or he and his assistants, without waiting for her to obtain from her father and deliver to him the ticket, wrongfully assaulted plaintiff's father by striking him upon the face or head and knocking or throwing him against or upon plaintiff, thereby violently forcing her body against the arm of the car seat or frame of the car window, and causing her to become frightened and her side injured, they should find for the plaintiff such damages, if any, as they may believe from the evidence she sustained thereby, not to exceed $2,000.00.

2. If the jury find for plaintiff as predicated in instruction No. 1, they should award her such a sum in damages as they may believe from the evidence will fairly and reasonably compensate her for the physical and mental sufferings, if any of either, that may have been directly caused her by the physical impact and fright, if any, resulting from the wrongful assault and battery committed upon her father by appellant's conductor or he and his assistants, if such assault and battery was committed and was wrongful. And if the jury believe from the evidence that the wrongful assault and battery upon her father, resulting in physical injury and fright to plaintiff, if any there was and it did so result, was maliciously committed by defendant's conductor or his assistants, they may or not in their discretion, in addition to compensatory damages, award her such a sum in punitive damages as they may from the evidence believe her entitled to, but the damages, if any are allowed, should not, altogether, exceed $2,000.00.

3. Although the jury may believe from the evidence

that plaintiff was injured and frightened by physical impact with the body of her father, caused by an assault and battery committed upon him by defendant's conductor and assistants, they should nevertheless find for the defendant, if they believe from the evidence that the assault and battery was committed by the conductor or he and his assistants in defending themselves against a wrongful assault first made upon him or them by the plaintiff's father, and he or they used no more force than was necessary or to them appeared reasonably necessary, to repel such an assault by the father.

4. If the jury believe from the evidence that plaintiff's father when asked by the conductor for his ticket refused to surrender it or pay his fare, and began to abuse the conductor or was drunk and disorderly, the conductor and his assistants had the right to put him off the train by the use of such force as was reasonably necessary for that purpose, and if they used no unnecessary force in putting him off the train and plaintiff's father in resisting his ejection from the train caused the throwing of his body against her, which resulted in the fright and injury, if either, sustained by her, they should find for the defendant.

Because of error in the instructions given by the trial court, the judgment is reversed and cause remanded for a new trial consistent with the opinion.