## Smith v. Gowdy.

(Decided October 31, 1922.)

### Appeal from Taylor Circuit Court.

1. Damages—Protection of Another Against Fright.—There is no obligation resting upon a person to protect another from fright and the consequences thereof when disconnected with and unaccompanied by a legal duty; and this is so whether the fright results from an overt act or the negligence of the party causing the fright.

2. Damages—Pain and Suffering Resulting From Fright.—An action for pain and suffering resulting from fright, unaccompanied with physical injury, will not lie. The damages are too remote and speculative. The injury is more sentimental than substantial. Being easily simulated and hard to disprove, there is no standard by which it can justly, or even approximately be compensated.

3. Damages—Fright—Physical Injuries.—An unexecuted threat to close, by nailing up a door, an entrance to an apartment occupied by a woman without legal right, alleged to have caused her great fright and consequent impairment of her health, the fright being unaccompanied with the infliction of physical injury to her person, did not authorize the recovery by her of damages. The personal injury is the gist of the action, and if there is no contemporaneous physical injury of the person the action fails. If,

however, there is physical injury of the person and the plaintiff is frightened, such fright may be recovered for as an element proper to be considered by the jury in determining what amount of damages, if any, should be allowed the plaintiff.

DORSEY & DORSEY for appellant.

W. M. JACKSON for appellee

Opinion of the Court by Judge Settle—Affirming.

This action was brought by the appellant, Sallie Smith, against the appellee, V. M. Gowdy, seeking the recovery of damages for alleged personal injuries claimed to have resulted from fright occasioned by threats of his son and agent to evict her from a building she was occupying as a residence. The circuit court sustained a general demurrer to the petition, as amended. The appellant excepted and refused to plead further, whereupon the court entered judgment dismissing the action. From that judgment she has appealed.

According to the averments of the petition, as amended, the appellant's husband, O. S. Smith, had been employed by the appellee to operate his grocery and restaurant in Campbellsville, Kentucky, then located in the front room of a building owned by appellee, that also contained back of the store two additional rooms, both of which under the contract of his employment by appellee were used by O. S. Smith, his wife, the appellant, and their daughter as a residence. Shortly after entering the appellee's service the appellant's husband died of influenza, which disease the appellant and her daughter contracted after his death; and while they were ill in the appellee's building the latter sent his son, as alleged, to demand of her possession of the rooms she was occupying, the principal entrance to which was through the store room of appellee in front of them. She declined to vacate the premises. Thereupon, the appellee's son and agent threatened to "nail her up in said apartment in such way that she would not have use of the usual and customary means of ingress and egress through said store and the front of the building," this threat being followed by his beginning "with hammer, saw, nails and planks" to nail up the door; but which work he immediately stopped at her command without closing the door as threatened, and did not again resume. It was further substantially alleged that the fright she sustained from

the threats and conduct of the appellee's son, caused her to vacate the rooms a day or two later and, notwithstanding the cold and disagreeable weather then prevailing, travel twelve or fifteen miles to the home of a relative in the county. By all of which she was, as alleged, subjected to great mental and physical pain and suffering, and her health permanently impaired.

Neither in the petition nor in any of the amendments thereto is it alleged that the appellant, under the contract by which her husband had operated the grocery and restaurant for appellee, or any other contract, had any legal right to continue her occupancy of the rooms in question after the death of the husband; nor is it alleged that there was no other door than that mentioned, or no way other than through the store, by which the appellant could get to or from the rooms. The petition and its amendments also fail to allege that the appellee's son and agent addressed to her or used in her presence any profane, abusive or defamatorty language, touched her person, or offered or threatened to evict her from the rooms by physical force.

It is patent from the averments of the petition as amended, which, upon the demurrer, must be taken as true, that they fail to show the violation by the appellee of any legal duty he owed the appellant. Under the authorities it cannot be concluded from the facts stated that the acts of his agent complained of, constituted a wrong in law, cognizable as trespass, trespass on the case, or breach of contract, for which an action in damages will lie. Whether in a forum of conscience or correct morals they should be condemned as amounting to a breach of moral duty, we need not say. It is our province merely to determine whether in law, they constitute an actionable wrong.

In Cooley on Torts, p. 3, it is said:

"An act or omission may be wrong in morals, or it may be wrong in law. It is scarcely necessary to say that the two things are not interchangeable. No government has undertaken to give redress whenever an act was found to be wrong, judged by the standard of strict morality; nor, is it likely that any government ever will."

Again it is said by the learned author on page 29 of the same volume:

"A threat to commit an injury is also sometimes made a criminal offense, but it is not an actionable private

wrong. Many reasons may be assigned for distinguishing between this case and that of an assault, one of them being that the threat only promises a future injury, and usuallly gives ample opportunity to provide against it, while an assault must be resisted on the instant. But the principal reason, perhaps, is found in the reluctance of the law to give a cause of action for mere words. Words never constitute an assault, is a time honored maxim. . . . "

Reduced to a final analysis, the averments of the petition, as amended, manifest appellant's complaint to be that after the appellee's agent demanded of her possession of the apartments she was then, without legal right, occupying, and her refusal to accede to the demand, by his threats of eviction and of nailing up the door between the rear of the store and the rooms and thereby closing the customary way of entrance to the rooms through the store, so frightened the appellant as to compel her to vacate the rooms and undertake during inclement weather the journey to the country. It is not alleged that the appellee's agent executed any threat made to the appellant; but on the other hand stated in the last amendment filed to the petition, that he "desisted" from the attempt to nail up the door between the store and the rooms occupied by appellant, when she demanded that he stop.

Although the appellant was merely a temporary occupant without right of the rooms in question, that fact would not have permitted her eviction from them by physical force; nor was the use of such force on the part of appellee's agent toward or upon the appellant alleged in the petition. The facts alleged do not even show force amounting to an assault; for as defined by law writers:

"An assault is an unlawful offer of corporeal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well founded fear of immediate peril." 3 Cyc. 1066; L. & N. R. R. Co. v. Simpson, 143 Ky. 138.

The conclusion cannot be escaped that the pain and suffering alleged to have been sustained by the appellant from the acts of the appellee's agent resulted solely from fright and were unaccompanied by any physical injury; and it is a declared rule of law in this jurisdiction that an action will not lie for pain and suffering resulting from mere fright, unaccompanied by physical injury.

This rule is bottomed upon the principle thus stated in the case of Reed, etc. v. Ford, 129 Ky. 471:

"The damages sought to be recovered are too remote and speculative. The injury is more sentimental than substantial. Being easily simulated and hard to disprove, there is no standard by which it can justly, or even approximately, be compensated."

The doctrine in question was approved on the same grounds in the earlier case of Reed v. Maley, 115 Ky. 816, the facts in which were that the plaintiff, a married woman, while sitting near a window in her home, was subjected to an indecent proposal from the defendant, a man, as he passed the house. She brought an action against him for damages, alleging that the indecent proposal amounted to a trespass against her person, by which she was badly frightened, caused much mortification and shame, and, in consequence, greatly damaged. In affirming the judgment of the circuit court, which sustained a demurrer to and dismissed the petition, the court held that as there was no assault upon or a trespass against the person of the plaintiff, and no physical injury inflicted, a recovery of damages for the fright sustained by her was not permissible; and in that connection, in part, said:

"The objection to a recovery for injury occasioned without physical impact is the difficulty of testing the statements of the alleged sufferer, the remoteness of the damages and the metaphysical character of the injury considered apart from the pain."

In C. & O. Ry. Co. v. Robinett, 151 Ky. 778, the plaintiff claimed damages for fright and consequent personal injuries alleged to have been caused her by the wrongful act or negligence of the defendant's train employes, occurring in an altercation with her father and resulting in his ejection from the train. On the appeal we held, that for the fright complained of by the plaintiff she could not recover, unless it was accompanied with the infliction upon her of some kind of physical injury caused by the alleged wrongful or negligent acts of the defendant's servants. It was further held, however, that as there was some evidence to the effect that in their efforts to remove the father from the train, the defendants servants negligently threw him against the plaintiff with such unnecessary violence as to thrust her with great force against the arm of the seat she was occupying and

wall of the coach, and thereby bruise and injure her body, it would be admissible for the jury, if they found for the plaintiff, to consider, under a proper instruction, the fright occasioned by such impact as an element entering into their estimate of the damages to be allowed.

An excellent statement of the law respecting the doctrine under consideration is also contained in the following excerpt from the opinion in Ky. T. & T. Co. v. Bain, 161 Ky. 48: "The personal injury is the gist of the action, and if there was no physical injury of the person the action fails. If there was a physical injury of the person and the plaintiff was frightened, her fright may be recovered for under the instruction allowing the jury to find for her such a sum in damages as will reasonably compensate her for any pain or mental suffering she has undergone."

Yet another case illustrating the application of this doctrine to a state of facts differing from those presented in any of the cases, *supra,* is that of McGee, etc. v. Vanover, 148 Ky. 737. In this case it was held that where an unjustifiable assault and battery was committed upon the plaintiff's husband in her presence, by two persons, one of whom in assaulting the husband struck or forcibly pushed the wife out of his way, the striking or pushing of the wife constituted an assault and battery upon her and furnished the necessary physical impact which, if it in whole or in part, caused her the fright and other injuries complained of, entitled her to have the case go to the jury as to him; but not as to the other wrong-doer whose assault and battery upon the husband merely contributed to her fright.

The law imposes no obligation to protect from fright and the consequences thereof when disconnected with and unaccompanied by a legal duty; and this is so whether the fright result from an overt act or the negligence of the party causing the fright. To authorize a recovery there must be contemporaneous physical injury inflicted. (Morse v. C. & O. Ry. Co., 117 Ky. 11; Braun v. Cravens, 175 Ill. 401, Lehman v. Brooklyn, etc., Co. 37 Hun. 355; Spade v. Linn & Bro. Co., 168 Mass. 285; Ewing v. P. P. C & St. L. Ry. Co., 147 Pa. 40). The rule stated also excludes a recovery of damages resulting from fright because of another's danger. Sanderson v. Northern P. Ry. Co., 88 Min. 162; Bucannan v. Great Northern Ry. Co., 76 Minn. 373.

It is the contention of the appellant's counsel that her right of recovery in this case may be rested upon the humane ground that she was entitled to remain in undisturbed possession of the rooms she was occupying during the illness of herself and daughter. It, however, does not appear from any averment of the petition that she advised appellee's agent of any purpose on her part to secure another residence, or of her intention to vacate the appellee's rooms in inclement weather, or of the day she would do so. The argument of counsel urging this contention appeals strongly to the sympathies of the court, but the contention is unsupported by any decision emanating from this court and has been rejected by the great weight of authority elsewhere. Nor do we think the contention sustained by the few authorities from other jurisdictions cited in the brief of counsel. None of them rests upon facts similar to those alleged in the instant case; and it also appears that the opinions in one or more of those cases contain no citation of authority by way of support; and from others, that the actions arose out of the eviction of tenants, after judgment, under circumstances forbidden by statute, or that amounted to an abuse of the process issued by authority of the judgments.

Although it is averred in the petition and its amendments that the mental suffering of the appellant following the alleged fright caused by the appellee's agent, included pain and anguish resulting from the death of her husband and illness of her child, it is not apparent how suffering of this character could have had its proximate origin in the fright alleged to have been sustained by her, even if the fright had been attended with infliction of a physical injury upon her by the appellee's agent. However, as the fright complained of was unaccompanied with physical injury, neither damages of the kind referred to, nor those claimed by appellant for alleged mental or physical suffering arising out of her illness, or the alleged permanent impairment of her health, were properly recoverable. As this was the conclusion reached by the circuit court, its ruling in sustaining the demurrer to the petition as amended and dismissing the action, was not error. Wherefore the judgment is affirmed.