## Gardner v. Cumberland Telephone Company and Western Union Telegraph Company.

### (Decided February 10, 1925.)

### Appeal from Breckinridge Circuit Court.

1. **Damages—Recovery Not Allowed for Mental Suffering Unaccompanied by Other Injury.**—No recovery is allowed for mental suffering unaccompanied by physical injury, except in telegraph and telephone cases.
2. **Telegraphs and Telephones—Recovery Allowed for Mental Suffering, if Accompanied by Breach of Contract.**—Recovery is allowed in telegraph and telephone cases for mental suffering, if accompanied by breach of contract.
3. **Telegraphs and Telephones—Recovery Not Allowed for Mental Suffering Caused by Death Telegram Delivered to Wrong Person.**—Mental anguish, caused by death telegram, which petition shows was not intended for plaintiff, held not grounds for recovery; there being no breach of contract, and no physical injury alleged.

CLAUDE MERCER for appellant.

MOORMAN & WALLS, TRABUE, DOOLAN, HELM & HELM and HUMPHREY, CRAWFORD & MIDDLETON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

A general demurrer was sustained to appellant, Newsome Gardner's, petition, alleging the agent of the two appellees, telegraph company and telephone company, had summoned him to the telephone station at Irvington, with directions to call the office of the Western Union Telegraph Company at Owensboro, to receive a telegram, and that in pursuance to said summons he had gone to the telephone office and called the telegraph office in Owensboro and was delivered and received a message over the telephone in these words: "John died last night. Doc."; that he was informed by the telegraph company that the message was from Louisville, in which city he had a brother named John, and that he immediately concluded that his brother John was dead, which caused him great mental anguish; that he took the first fast train to Louisville and arrived there the next day only to find his brother alive and well; that the two defendants, the telegraph company and the telephone company, had negligently and carelessly delivered to him a message intended for another and had thus caused him to suffer great anguish and mental distress, and "that the said telegram was wrongfully delivered to him by the said telegraph company and was not intended to be delivered to him, and that by their said gross negligence in thus sending said telegram they caused plaintiff to suffer great mental anguish because of his being led to believe and he did believe that his brother had died in Louisville."

It was further alleged "that the defendants, and each of them, was guilty of gross negligence and carelessness in thus summoning him to the telephone aforesaid and he receiving the telegram as above mentioned, all of which caused him to suffer great damages."

Appellant Gardner having declined to further plead after the general demurrers were sustained to his petition, it was dismissed and it is from that judgment he appeals.

In brief of counsel for appellant it is said: "We assume that the lower court sustained the demurrers upon the assumption that there can be no recovery for mental anguish in cases of this sort. In this the lower court was wrong. Not only can you recover for mental anguish in death telegrams but as stated in 26 R. C. L., page 610,

'Still other courts, however, have extended the rule of recovery to all those cases where mental suffering may be reasonably anticipated as the natural *result of the breach of contract* and this is shown on the face of the telegram.' "

Both the telephone company and the telegraph company filed separate briefs in which are collected and cited many cases and texts, some from Kentucky, supporting the rule that a recovery for mental anguish in telegraph and telephone cases is allowed only in cases where there has been a *breach of contract* (Postal Telegraph Co. v. Terrell, 124 Ky. 822), and that a recovery may be had for mental anguish in other cases only where it is shown that the person suffering the mental anguish also suffered a physical injury. This court has adopted the rule in all, except telegraph and telephone cases, that there can be no recovery for mental pain and suffering resulting from the mere negligent act of another unaccompanied by any physical or bodily injury. Smith v. Gowdy, 196 Ky. 281; Newport News & M. Valley Co. v. Gholson, 10 Ky. Law Rep. 938; Hockenhammer v. Lexington & E. R. Co., 24 Ky. L. Rep. 2383, 74 S. W. 222; City Transfer Co. v. Robinson, 12 Ky. L. Rep. 555. But in telephone and telegraph cases a recovery for mental anguish may be had if it is accompanied *by a breach of contract.* Chapman v. W. U. Tel. Co., 90 Ky. 265; Postal Tel. Co. v. Terrell, *supra;* W. U. Tel. Co. v. Melvin, 175 Ky. 480; Reed v. Ford, 129 Ky. 175; Reed v. Malley, 115 Ky. 815. If the mental angush is accompanied by a physical injury recovery may be had. Owensboro City R. Co. v. Robinson, 104 S. W. 707; 31 Ky. L. Rep. 1047; Kentucky Cent. R. Co. v. Ackley, 87 Ky. 278; Alexandra v. Humber, 86 Ky. 565; Newport News & M. Valley Co. v. Gholson, *supra.* An exhaustive note with cases may be found to Herrick v. Evening Exp. Pub. Co., reported in 23 A. L. R., page 361.

"The general rule," says 17 C. J. 831, "supported by the weight of authority, is that mental pain and suffering will not alone constitute a sufficient basis for the recovery of substantial damages. Certain exceptions to this rule are recognized in actions for breach of contract of marriage, and certain cases of wilful wrong, especially those affecting the liberty or personal security, character or reputation, or domestic relations of the injured person, in which cases mental suffering is recognized as the ordinary, natural and proximate conse-

quence of the wrong complained of. In any event, a very slight injury constituting a ground of action will support a recovery for accompanying mental suffering.''

At common law it was well settled that mere injury to the feelings or affections, though wrongful, did not constitute an independent basis for the recovery of damages. As a general rule, following this theory, a recovery cannot be had for mental anguish alone, unmixed with other injury; or, as otherwise stated, where a physical injury has been sustained the person injured may recover for mental suffering caused by or growing out of his bodily hurt.'' 8 R. C. L. 516; Kentucky Cent. Railway Co. v. Ackley, 87 Ky. 278; Standard Oil Co. v. Tierney, 92 Ky. 367; Greer v. Louisville & N. R. Co., 94 Ky. 169; Southern Ry. Co. v. Goddard, 121 Ky. 567, 12 Anno. Cases 116, 21 S. W. 649; Louisville & N. R. Co. v. Brown, 127 Ky. 732; Big Sandy & C. Ry. Co. v. Blankenship, 133 Ky. 438; McGee v. Vanover, 148 Ky. 737.

In the case before us Gardner was not a party to the contract by which the two companies undertook to transmit the message. He was neither the sender nor the addressee in the message; nor was it sent for his benefit. It is averred in the petition that the message was probably intended for Lawrence Gardner, who resided near Irvington, the place where appellant resided, and that the message was not intended for appellant, but that through the gross negligence of the appellee companies he was called to the telephone and the message delivered to him. It, threfore, appears from the averments of the petition that appellant Gardner was not a party to the contract and there was, as to him, no breach of contract on the part of appellee companies, or either of them, in delivering the message to him. His mental anguish, therefore, was not connected with a breach of contract; and following our rule, which does not allow recovery in telegraph and telephone cases for mental anguish except where it is connected with a breach of contract, appellant's claim is not sustainable. He does not assert any claim for physical injury aside from his mental anguish. Therefore, he does not come within either of the rules adhered to in this jurisdiction by which a sufferer of mental anguish may have a recovery.

We can readily see that appellant Gardner, if the facts are as alleged in the petition, may have suffered great mental anguish under the belief that his brother

John had died the night before, but according to the rule established and adhered to by most courts of this country, he has no remedy, the situation being expressed in the Latin maxim, *damnum abseque injuria*.

Relief has been refused in cases of purely mental anguish upon different grounds by different courts. Although admitting the wrong the courts hold that they "have no power to remedy such wrong, or if they should attempt to administer such remedy, they would be flooded with litigation, or could not apply a consistent remedy, or might possibly be imposed upon by designing persons simulating grief. On the other hand, the courts which have attempted to remedy the wrong have in many cases been inconsistent in their application of the remedy, and have applied many fine drawn distinctions, apparently in an attempt to prevent litigation rather than because the case itself did not present facts which justified a recovery. (See note to Western U. Tel. Co. v. Chouteau, reported in 49 L. R. A. (N. S.) page 295).

We have held in such cases that "the damages sought to be recovered are too remote and speculative. The injury is more sentimental than substantial. Being easily simulated and hard to disprove there is no standard by which it can justly, or even approximately, be compensated." Reed v. Ford, 129 Ky. 471, reaffirmed in the case of Smith v. Gowdy, *supra*.

From brief of appellee we learn that the message was not as averred in the petition, but was of such import and tenor as could not have induced in the mind of appellant the belief that his brother John had died in Louisville on the night previous to the reception of the message. However that may be, the sufficiency of the pleading must be tested by its averments; and if the petition stated a cause of action it would be our duty to reverse the judgment and afford the parties an opportunity to try the case upon its merits. Admitting the truth of the averments of the petition for the purpose of demurrer, as is the rule, they are not sufficient to entitle appellant Gardner to a recovery in this case under the well established rule of this jurisdiction with respect to damages for mental anguish alone. We have extended the rule much further than some other courts. Many of the courts do not recognize the right of a sufferer from mental anguish to damages even where such distress is caused by or is coupled with a breach of contract, to re-

ceive, send and deliver with reasonable dispatch a message. Where mental anguish is not connected with some other wrong, such as breach of contract, or physical injury, the allowance of such cause of action opens a wide and dangerous field in which it is difficult, if not impossible, to consistenly apply the rule. It is easy to assert a claim of mental anguish and very hard to disprove it, the claim resting on a mental condition, not capable of rebuttal by evidence within the reach or power of ordinary mortals.

This case must be distinguished from that line holding one entitled to recover where, by reason of the negligence of the telegraph company, a person is led to believe that a relative is dead when such is not the fact. Or, where a man who, by mistake of the telegraph company in the transmission of a telegram, was led to believe that his wife and baby were dying, when as a matter of fact the telegram as delivered to the company stated that they were doing well, is entitled to recover for the mental pain and anguish suffered by him from the time he received the telegram until the time when he learned of their true condition, for in these cases there was a breach of contract. Lay v. Postal Teleg. Cable Co., 171 Ala. 174; West. U. Teleg. Co. v. Odom, 21 Tex. Civ. App. 537, 52 S. W. 632; Taylor v. W. U. Tel. Co., 31 Ky. L. Rep. 240, 101 S. W. 969; W. U. Tel. Co. v. Buchannon, Tex. Civ. App., 129 S. W. 850.

The averments of the petition do not state a cause of action in favor of appellant against the telegraph or telephone company, within our well established rule, and the trial court did not err in sustaining the general demurrers thereto and in dismissing appellant's cause when he declined to further plead.

Judgment affirmed.