## SUTTON v. GREAT LAKES GREYHOUND LINES, Inc.
### No. 580.

District Court, W. D. Kentucky, Louisville Division.

Sept. 16, 1943.

Donald R. Atkinson, of Nashville, Tenn., and Howard O. Hunn and Bullitt & Middleton, all of Louisville, Ky., for plaintiff.

Robert P. Hobson and Woodward, Dawson & Hobson, all of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiff, a citizen of Tennessee, seeks by this action to recover from the defendant, Great Lakes Greyhound Lines, Inc., an Indiana corporation, doing business in Kentucky, $11,100 as damages suffered by her while being transported as a passenger on one of the defendant's busses from Detroit, Michigan, to Nashville, Tennessee. The defendant has moved to dismiss the complaint because of its failure to state a cause of action, and also to require the plaintiff as a non-resident to execute a bond for costs.

 The petition as amended alleges that when the bus in which the plaintiff was riding arrived at a point on U. S. Highway No. 42 in Trimble County, Kentucky, the operator negligently drove the bus into a swiftly moving stream of floodwater which extended across the highway causing the motor to be flooded and the bus to be stopped; that the operator with negligent and careless disregard of the safety of the passengers ordered and forced the passengers including the plaintiff to get out and to attempt to wade through the floodwaters without knowing the depth or their extent; that the plaintiff in attempting to do so was swept by the current off her feet and thrown into the water and almost caused to drown; and that by reason thereof she was made sick, suffered impairment to her health and her earning capacity, was damaged in her clothing and was required to obtain necessary medical treatment. Defendant claims that the injuries are not compensable, relying upon the well settled rule in Kentucky that except in telegraph and telephone cases there can be no recovery for mental pain and suffering resulting from the negligent act of another unaccompanied by any physical or bodily injury. McGee v. Vanover, 148 Ky. 737, 147 S.W. 742, Ann.Cas.1913E, 500; Chesapeake & O. Ry. v. Robinett, 151 Ky. 778, 152 S.W. 976, 45 L.R.A.,N.S., 433; Smith v. Gowdy, 196 Ky. 281, 244 S.W. 678, 29 A.L.R. 1353; Gardner v. Cumberland Telephone Co., 207 Ky. 249, 268 S.W. 1108. The rule, however, is not applicable to the present case. The amended complaint charges negligent operation of the defendant's bus by its agent which caused the bus to be stalled in the flooded creek with the resulting physical injuries to the plaintiff. Her claim for damages is not limited to damages by reason of fright or mental anguish. The negligence of the defendant's agent placed her in a position of danger. In directing the plaintiff to leave the bus, it was the duty of the operator to exercise care to ascertain whether the plaintiff could without injury safely remove herself to a place of safety. The complaint alleges that he negligently performed this duty. Whether the plaintiff in complying with his instructions was guilty of contributory negligence is a question for the jury, if properly raised by the pleadings. Kentucky Traction & Terminal Co. v. Roman's Guardian, 232 Ky. 285, 23 S.W.2d 272; Taylor v. Patterson's Adm'r, 272 Ky. 415, 114 S.W.2d 488; Fowler v. Randle, 284 Ky. 164, 143 S.W.2d 1049. Defendant's motion to dismiss the complaint is accordingly overruled.

██ The question of requiring a non-resident plaintiff to give security for costs is not covered by the Federal Rules of Civil Procedure, but is to be governed by local rules of the District Court authorized by Rule 83 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Wheeler v. Lientz, D.C., 25 F.Supp. 939; Leake v. New York Central R. Co., D.C., 26 F.Supp. 416; Ayers v. Conser, D.C., 26. F.Supp. 95; Cary v. Hardy, D.C., 1 F.R.D. 355. Rule 83 also provides that in all cases not provided for by rule the District Courts may regulate their practice in any manner not inconsistent with these rules. It has long been the rule in the Kentucky Courts that a non-resident plaintiff may be required to give security for costs, and that such a bond as originally given may be later increased upon a showing of its insufficiency. Sections 616 through 621, Kentucky Civil Code of Practice. In filing this action in the state court the plaintiff executed a proper bond for costs. This bond would seem to cover the defendant's liability for costs both in the state court and in this court to which the action has been removed. Unless the defendant can show why this construction of that bond is not correct, there is no good reason to require the execution of another bond to the same effect. If either the plaintiff or her surety contends that the bond executed in the state court does not cover costs incurred by the defendant in the United States District Court, a new bond for costs will be required. Defendant's counsel may ascertain from both the plaintiff and her

court's construction of that bond, with the surety whether or not they agree with the right to renew the present motion if necessary to do so. Defendant's motion for bond for costs is overruled without prejudice.