Judge Nicholas
delivered the Opinion of the Court.
This was an action on the case, brought by Johnson, against Castleman and Ormsby, in which he charges, that whilst his flat boat, laden with a cargo of flour, was floating down the Ohio river, a steam boat, owned by the defendants, and of which Castleman was the master, through the carelessness, negligence and bad guidance of said Castleman, struck his flat boat, with such force, that it was broke and sunk, and the cargo spoiled.
On the trial of the general issue,-the plaintiff proved, that he was floating down the Ohio, at night, in his flat boat, laden with a cargo of flour, and was met by the steam boat of the defendants, ascending ; that the steamer was first visible about two miles off; that there was a bright fire burning on the deck of the flat boat; that, shortly after the steam boat became visible, one of the hands on the flat boat lit a candle, placed it in a lantern, held it up, and so continued to hold it, until the boats came within thirty yards of each other ; that, when the steam boat was within about a hundred feet, the plaintiff halloed to those on board the steam boat, not to run over him ; no reply was made ; the steam boat continvued her course, across the river ; when about opposite the bow of the flat, the steamer was straightened up stream, run across the bow of the flat, and immediately sunk her ; that the flat was lost, and the cargo greatly damaged. The witness thought that if there was any one on the deck of the steamer, he must have been able to see the candle all the time it was held up. The night was clear and star light.
The circuit court thinking the action misconceived— that it should have been trespass, and not ease, instructed the jury to find for the defendants.
Deductions that may be made fromthefaets— from alf which the jury might Iiave (determined, that the injury was tile result of negligence, notofdesign ; or tile fault of the pilot, (who was not sued,) and not of the master.
■ 'Oase — not tres ■puss,lias «gainst a master, for the act of his servant, committed without the authority or assent of the master.
We cannot say from the proof, that the steam boat was intentionally run. against the flat. The light on the flat might, or might not, have been seen, according as there was, or was not, a vigilant look out from the steamer. Even if seen, still, the relative position and distance might have been miscalculated, until it was no longer practicable to correct the error committed in attempting to pass below her. The straightening of the steamer up stream, just before the boats came'in contact, bears somewhat the appearance of wilful design ; but, it’ is more than probable, from the proof, that that was-done when the collision was no longer avoidable, either to ease the steamer in receiving the' shock, or in the hope.o.f avoiding the destruction of the flat. From the outcry made by the plaintiff, it is inferrable, that if the straightening up stream, spoken of by the witness, bad not taken place, that still the casualty would have occurred. That act alone, did not produce the striking and sinking of the boat; though it may have somewhat altered the point and mode of striking. The jury.might well have inferred from the proof, that the destruction of the flat was the result of mere negligence, and not of wilfulness, or design.
Besides, as the duty of steering a steamer usually devolves on the pilot, and as there was nothing to shew, that the master was controlling the motions of the boat, at the time, the jury might well have inferred that what was done — whether the result of negligence, or design, was the fault of the pilot, and not that of the master ; in which event, it would make no difference as to the form of the action, whether it were wilfully, or negligently, done. For where a servant, whilst in the actual employment of the master, commits a wilful trespass, without either the authority or implied assent of the master, the latter cannot he made liable in trespass, but only in case. We shall, therefore, treat the case as one in whicl) the Jury had a right to infer, that the destruction of the plaintiff’s boat, was produced, either by the carelessness of the master, or the wilful misconduct of the pilot.
It is a general rule — but one of difficult ap. plication — that where the act of the defendant is immediate and direct, the action must he trespass ; and where it is mediate and consequential, the action must lie case.
Where the urn/ orí of the deft, and not a consequence of íat. ?ct’ ^013£! the injury cornplained of — al^énunlntentiondl, and the effect of mere n0g]jgence on. fi>“,Part ?f ble to the action of ¡trespass, for the damages.
where therej* has been an mm mediate, and also, a consequential injury from the same act, cither trespass or case may ho maintained-i-as for a tor- • tious taking of chattels, where the plaintiff may waive the trespass, and bring trover. fNnd\ in general, for any act of a defendant, which, though it was the direct and immediate cause) of the injury, was. dono unintentionally, and thfpugh negligence on his part, either actipiJ -may be maintained. ' ,/
The general rule of discriminating between the actions of trespass anil case, as laid down by Judge Blackstone, in Scott vs. Shepherd, 2 Blk. Rep. seems to have received general acquiescence and approval. That is, where the injury received from the act of the defendant, is immediate and direct, the action must be trespass ; but where the injury is mediate and consequential merely, the action must be case. 1 his rule, however clear and well defined it may appear to he, has, nevertheless, proved to be of very difficult application. It has produced as much .apparent oscillation among the courts in England, as the application of any other rule of law whatever. its application to a case like this, is treated by the judges and writers of that country, as of admitted difficulty. It would be unprofitable, at this day, to collate and compare all the cases on this subject. That work is already done, and ably done, by the text writers in most familiar use with the profession. A perfect reconciliation of all the cases, is perhaps impracticable. It may, however, be approximated, by constantly bearing in mind the distinction that exists, between the. defendant himself doing the act complained of, and its being done by an agent, and that there are some acts, which authorize the bringing of either action.
The injury in this case may be said to have been immediate, because the act complained of, itself, not a mere - . consequencc oi that act, occasioned the injury. Irespass might, therefore, have been maintained against the mas? ier of steamer, though the injury was unintentional, and the result of mere negligence. That the act complained of, need not have been wilfully done, in order to constitute a trespass, is illustrated by the familial case. of man turning suddenly, and unintentionally knocking another down ; and by that of one man’s wounding another, bv accidentally firing off a gun.
But it is by no means a conclusive test, whether case will lie, to prove that trespass might have been main *380 tained. Either action, -may sometimes be supported, where there has been an immediate, and also a consequential injury. It was said by Judge Blackstone, in Scott vs. Shepherd, that a person may bring trespass for ,¡ie ¡inrne[jiat.e injury, or case for the consequential damage, passing over the immediate injury. Upon this distinction it is, that trover, which is a mere species of the action of case, may be maintained, where the taking of the goods was- tortious, amounting to a trespass — the bringing of trover, being, in the language of Lord Mansfield, 1 Burr. 31, a waiver of the trespass. Chitty lays it down, on the authority of adjudged cases in England, that where an injury arises from carelessness or unskilfulness in navigating ships, if the injury were-merely attributable to negligence, or want of skill, and not to the wilful act of the defendant, the party injured has an election, either to treat the negligence or unskilfulness of the defendant, as the cause of action, and declare in case ; or, to consider the act itself as the injury, and to declare in trespass. One of the cases cited by him, is that of Ogle vs. Barnes and others, 8 T. R. 181, very similar in its circuinstances to the one before us. It was a motion in arrest of judgment, on the ground, that the action was misconceived, and that it should have been trespass, instead of case. The first count charged, that, through the negligence and unskilfulness of the defendants, their ship, with great force and violence, ran foul of, and damaged a ship of the plaintiffs. The second count only, varied from the first, in stating that the^defendant’s ship was under the care and management- of the defendant Barnes. The judges concurred, that the action was rightly brought, and one of them stated it to be like the case of Morley vs. Gaisford, 2 H. Blackstone, 442, where case was maintained for so. negligently driving the defendant’s cart, that it struck against the plaintiff’s chaise. In the leading case of Leame vs. Bray, 3 East, 533, it was held, after much consideration, that, where the deferidant, driving his carriage on the wrong side of the road, when it was {lark, by accident drove against the plaintiff’s curricle, *381 trespass might be maintained; yet, in the subsequent case of Rogers vs. Imbleton, 2 Bos. & Pul. 117, a declaration in case was maintained against the defendant, for driving his cart against the plaintiff’s horse — it being alleged to have been done through negligence, and the court said, it was not to be considered, that the case of Leame vs. Bray was thereby overturned. So also, in a still later case, cited in Chitty, 149, it was held that where the injury arose from the careless driving of one of the proprietors of a coach, case could be maintained against him and the other proprietors; and again in 11 Price’s Rep. it was held, that case lies for an injury resulting from a carriage being driven against another, although the injury were committed with violence and the damage was immediate. In Blin vs. Campbell, 14 John. 432, the defendant, being'a trooper, had wounded the plaintiff, by negligently firing a pistol; and case being brought, the action was maintained — the court bolding, that if the injury is attributable to negligence, though it were immediate, the party injured has his election, either to treat the negligence of the defendant as the cause of action, and declare in case, or the act itself as the injury, and declare in trespass. The same court, in the subsequent case of Percival vs. Hickey, 18 John. 256, maintained trespass, for the running down of one ship by another, at sea, though the result of carelessness; but, at .the same time recognised the principle, that case also, could have been maintained.
In Huggett vs. Montgomery, 2 N. R. 446, the action was trespass, for running down a boat by a vessel of which the defendant was commander. After verdict for the plaintiff, the court set aside the verdict, on the ground that the action should have been case, .and said it differed from the case of Leame vs. Bray, because the defendant, though on board the vessel, did not give the order which occasioned the accident, but the pilot did; whereas, in Leame vs. Bray, the defendant was himself, driving the carriage.
Fpom these authorities, we cannot doubt the present action would be maintained by the courts in England. *382 It cannot reasonably be expected, that we should go farther, in preserving the distinction between the two actions, than they do ; for they have a substantial reason for attending to it with strictness, that we have not: that-is, in act ions of trespass in England, if the plaintiff do not recover to the amount of forty shillings, he recovers no more costs than damages. It is so difficult, if not impracticable, for any but a person on board the vessel committing the injury, to know the particular circumstances, which should control the adoption of the one, or the other, form of action, that we think the rules for preserving the distinction between them, should not, in this class of cases, be carried any farther than they have already gone. This, court will be inclined to relax, rather than aggravate, the rigidity of those rules. The two actions are so similar, both as to the form of declaring and pleading, and the mode of trial, and it is so difficult to discriminate the exact boundary line between them, even after the facts have been ascertained, that it would savour more of quaint fastidiousness, than sound policy, for the court to'sacrifice, where it can be avoided, the substantial interests of litigants, ior the sake of a comparatively unessential distinction.
Whethevthcact .sued for, was the result of design, or of negligence,,is to be decided by a jury.
We think the court erred in its peremptory instruction to the jury, and that it should have been left to the jury to determine whether the defendant Castleman wilfully run his boat against the flat.
Judgment reversed, with costs, and cause remanded, with instructions for a new trial.