CASE 75—PETITION ORDINARY—MAY 27.

## Perkins v. Stein & Co.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. To CONSTITUTE AN ASSAULT AND BATTERY within the meaning of section 1 of chapter 10 of General Statutes, which provides that actions for assault and battery shall die with the person, the act complained of must· be done with a hostile intent. Mere acts of negligence do not constitute an assault and battery within the meaning of the statute, even when trespass would lie.

2. SURVIVOR OF ACTIONS.—An action against a master to recover damages for personal injuries resulting from the negligent driving of his servant survives to the personal representative of the person injured.

·F. HAGAN AND A. H. MARRET, JR., FOR APPELLANT.

1. Mere acts of negligence do. not constitute an ·assault and :battery within the meaning of section 1 of chapter 10, General Statutes. (Anderson v. Arnold's Ex'or, 79 Ky, 370.)

2. In cases where defendants are sued for the acts of .their agents, the action must be *case*, and where case lies the action survives (Chitty, vol. 1, 142, 145, 149; 11 Price, 608; Rogers v. Imbleton, 2 Bos. & Pull., 117; McManus v. Crickett, 1 East, 106; Morley v. Gaisford, 2 H. Blackstone, 442; Haggett v. Montgomery, 2 N. R., 446; 12 Ky. Law Rep., 627.)

ED. M. LOUIS FOR APPELLEE.

·This is an action of trespass, *vi et armis*, and an assault and battery, and, therefore, can not be revived. (Gen. Stats, chap. 10, sec. 1; Anderson·v. Arnold's Ex'or, 79 Ky., 370 )

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The petition of Perkins averred that the appellees were the owners of a large brewery in Louisville, Kentucky, and of numerous brewery wagons, used for the purpose of delivering beer; that whilst so engaged the agents and drivers of the appellees carelessly, negligently and recklessly ran into, over and upon the plaintiff, and bruised and injured him externally and internally, the wagon running over his left ankle and the shafts striking him in the breast; that thereby he was knocked down and trampled upon by the horses of the defendants' wagon, and confined to his room, &c., all to his injury in the sum of five thousand dollars.

The defendants, by answer, put in issue the material allegations of the petition, and by an amended petition pleaded contributory negligence on the part of the plaintiff. Whilst the action was pending the plaintiff Perkins died, and thereupon his administratrix, the appellant here, moved to revive the action, filing the proper evidence of her qualification. The court overruled the motion. She has appealed to this court, and the sole question presented is, does the action survive to the personal representative?

Section 1 of chapter 10, General Statutes, provides that "no right of action for personal injury, or injury to real or personal estate,' shall cease or die with the person injuring or the person injured, except actions for assault and battery, slander, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury; but for any injury other than those

excepted, an action may be brought or revived by the personal representative or against the personal representative, heir or devisee in the same manner as causes of action founded on contract."

It is contended by the appellees that the negligent act of the servant or driver in running over the plaintiff was a trespass, and, therefore, an assault and battery in the meaning of the statute, and that for the injury growing directly out of this act, an action of trespass would lie at the common law, even against the master. Such an action, they contend, under the authority of Anderson v. Arnold's Ex'or, 79 Ky., 370, dies with the person. We do not think, however, that the action is one of trespass. While the injury was the *immediate* consequence of the act, and in this particular the requirements of the rule in actions of this class is met, yet it was not the *act* of the master; the latter may be responsible in damages, indeed ordinarily is, for the negligence of his servant, but *case* and not trespass is the proper remedy.

It was said in Johnson v. Castleman, &c., 2 Dana, 377, that in considering these forms of action, "the distinction that exists between the defendant himself doing the act complained of, and its being done by an agent," must be borne constantly in mind. But, though case be the proper form of action, yet if the cause of action arise from, or grow out of, an assault and battery, it dies with the person. The vital question then is, what is an assault and battery in the meaning of the statute? "An assault is defined to be an inchoate violence to the person

of another, with the present means of carrying the intent into effect." (2 Greenleaf on Evidence, section 82.) "The *intention to do harm* is of the essence of an assault." (*Ib.*, section 83.) "An assault is an attempt with violence to do a person some bodily harm, as by holding up a fist, striking at another with a stick, which does not touch the latter, or throwing anything at a person which misses him, or by any similar act of inchoate violence, showing an intention to do injury, and the aggressor being within such a distance from the party assaulted that the intention might possibly be executed." (See in general, Bac. Ab., Assault; Com. Dig., Battery; 3 Bl. Com., 120.)

Mr. Greenleaf, section 82, says: "A battery is the actual infliction of violence on the person. * The degree of violence is not regarded in the law. * Thus, any touching of the person in an angry, revengeful, rude or insolent manner; spitting upon the person; jostling him out of the way; pushing another against him; throwing a squib or any missile or water upon him; striking the horse he is riding, whereby he is thrown; taking hold of his clothes in an angry or insolent manner to detain him—is a battery. So, striking the skirt of his coat or the cane in his hand is a battery; for any thing attached to the person partakes of its inviolability."

"A battery is more than an attempt to do a corporal hurt to another; but any injury whatsoever, be it ever so small, being actually done to the person of a man in an angry or revengeful or rude or insolent manner, such as spitting in his face, &c., is a battery

in the eye of the law.   *   *   It should be observed
that every battery includes an assault.''   (1 Russ. on
Cr., 9th Am. Ed., 1020.)

Bishop, in his work on Criminal Law, volume 2,
section 72, says that to constitute a battery ''there
must be some sort of evil in the intent.''

We are, therefore, prepared to say that to consti-
tute an assault and battery under the foregoing defi-
nitions the act complained of must be done with a
hostile intent.   It is true that Mr. Greenleaf, in his
work on Evidence, under the head of Assault and
Battery, volume 2, section 85, says that ''thus, if one
of two persons fighting, unintentionally strikes a third,
or if one uncocks his gun without elevating the muz-
zle, or other due precaution, and it accidentally goes
off and hurts a looker on; or if he drives a horse
too spirited, or pulls the wrong rein, or uses a de-
fective harness, and the horse taking fright injures
another, he is liable for the *battery;*'' but an exam-
ination of the cases cited as the basis of the text
show merely that for these various instances of neg-
ligence the person injured has his remedy by action
of trespass.   They are not meant as instances of as-
sault and battery at the common law.   Undoubtedly,
cases of extreme recklessness, as furiously riding or
driving into or upon a crowd, may be instanced,
indicating or implying an evil or hostile design, but
such is not the case under consideration.   Under the
petition as drawn the plaintiff is entitled to recover
upon showing any degree of negligence, whether or-
dinary or gross, and we do not think that mere acts
of negligence, in any of its degrees, are assaults and
batteries in the meaning of the statute.

The only authority relied on by the appellee, and upon which it is contended the lower court overruled the motion to revive, is that of Anderson v. Arnold's Ex'or, *supra*. There Anderson sued the executor of Arnold, alleging that Arnold had "negligently and recklessly, *but not intentionally*," inflicted a wound upon the body of the plaintiff by shooting him with a pistol, &c. A demurrer was sustained on the ground that the cause of action died with the person, and the judgment of the lower court was affirmed by this court. In that case the distinction between actions of trespass and of case was discussed, and the cause of action was determined to be trespass and not case, and therefore, did not survive—but it was by no means held that all actions of trespass were common law assaults and batteries. "Following, therefore," says the court, "this common law definition, it was an assault and battery committed upon the plaintiff, *although the shot was fired at a third person;* and the meaning of the words *assault and battery* will not be restricted to an actual and intentional beating of another so as to authorize a recovery." The petition charged that Arnold *unintentionally* shot and wounded the *plaintiff*, but the *shot was fired intentionally* at another, and therefore, under abundant common law authority, it was an assault and battery. The act of shooting was done with hostile intent, though the wounding of the plaintiff was unintentional. We do not think the case relied on was meant to decide or decides that unintentional cases of injury, occurring through negligence and without design, even when tresspass

would lie, are assaults and batteries. We are of opinion that under the statute quoted, the action survived to the administratrix of Perkins, and her motion to revive should have been sustained.

Judgment reversed, with directions to enter the order of revivor as herein indicated.