[No. 11451.   Department Two.   January 8, 1914.]

Laura F. Hay, *Appellant*, v. Esther C. Boggs *et al.*,

*Respondents.*[1]

Fraudulent Conveyances—Fraud of Wife—Liability of Vendee
—Issues and Proof.   In an action by a divorced wife to set aside
a fraudulent transfer by her husband in which it appears that the
fraudulent vendee had disposed of part of the premises to an inno-
cent purchaser, judgment should be given against the vendee for
the value of the property sold; and it is immaterial that the plead-
ings made no issue as to such part, where the issues went to the
whole tract, and it appeared for the first time at the trial that part
had been sold.

Evidence—Values.   That land had been valued in a trade at a
certain sum is not sufficient evidence of its value.

Appeal by plaintiff from a judgment of the superior
court for Clarke county, McMaster, J., entered March 5,
1913, upon findings in favor of the plaintiff, granting only
part of the relief prayed for, in an action for a divorce and
to declare a trust.   Reversed.

*Charles R. Crouch*, for appellant.

*W. W. Sparks* and *Miller, Crass & Wilkinson*, for respond-
ents.

Morris, J.—Prior to September 2, 1911, appellant and
Aaron Hay were husband and wife.   On that day, a decree
of divorce was granted appellant, in which all of the prop-
erty, both real and personal, then owned or possessed by
Aaron Hay, was awarded to appellant.   So far as this record
goes, the only property affected by this decree was forty
acres of land in Clarke county, for which Aaron Hay had
obtained a contract of purchase from the Northern Pacific
Railway Company, on August 5, 1904, and while he and ap-
pellant were husband and wife.   This tract was, on August

[1]Reported in 137 Pac. 474.

24, 1907, assigned by Hay, representing himself as an unmarried man, to Esther C. Boggs, his aunt. On July 2, 1908, all payments having been made, the land was deeded by the railway company to Mrs. Boggs.

In 1912, appellant commenced this action, in which, alleging that the assignment and deed to Mrs. Boggs were fraudulent as to her and were for the use and benefit of Aaron Hay, she prayed that the land be conveyed to her, and her title quieted as against Aaron Hay and Mrs. Boggs. Aaron Hay defaulted, and Mrs. Boggs answered, denying the fraudulent character of the transfer, and alleging she was a purchaser for value. On the trial, it appeared for the first time that twenty-five acres of the land had been exchanged by Mrs. Boggs for eighteen lots at Klamath Falls, Oregon, the person with whom such exchange was made and who now holds title to the twenty-five acres, being, so far as is here shown, an innocent purchaser. The lower court, in deciding the issues, gave it as his opinion that the assignment and deed to Mrs. Boggs were collusive and in fraud of appellant's rights, and that she should be awarded the property, holding that Mrs. Boggs was a trustee for the Hays for the forty acres, and that appellant was entitled to a conveyance of the fifteen acres, and ordered the same to be made within thirty days; but made no reference to the twenty-five acres further than to find it had been sold by Mrs. Boggs. Appellant asked the lower court to award her a judgment against Mrs. Boggs for the sum of $4,450, as the value of the twenty-five acres; which being refused, she appeals.

The lower court should have made and entered a decree affecting the entire forty acres; for it is manifest from the findings, which are supported by the evidence, that appellant obtained the same rights to the twenty-five acres as she did to the fifteen acres. The fact that the twenty-five acres was in the ownership of an innocent purchaser might have affected appellant's remedy so far as the land itself was concerned; but if the court believed it had been sold to an innocent pur-

chaser, appellant should have been awarded its value. The record before us is not sufficient for us to make a finding as to the value of this twenty-five acres. The only reference to value is found in the testimony of the purchaser, who says he exchanged lands which he valued at $4,450, and in the exchange the twenty-five acres was valued at the same sum. This is not sufficient evidence of value for us to find what the real value was, which is what appellant is entitled to; not a fictitious value fixed by the parties upon their respective lands in effecting an exchange. We think we may rightfully assume that such a value is ofttimes far from the real value. Counsel for appellant should have introduced some evidence of the value of this twenty-five acres, if he intended requesting the court to make such a finding. Notwithstanding the evidence is in such an incomplete condition, it being the duty of the court, after reaching the conclusion it announced, to have disposed of the whole issue, it should have requested evidence upon which to base a value and complete the decree, and not leave the case disposed of as to the fifteen acres but undisposed of as to the twenty-five acres.

Respondents contend that no issue was made as to the twenty-five acres and no reference to its sale was made in any pleadings. That is immaterial. Issue was raised as to the rights of the parties in and to the entire tract, and each party prayed for a decree adjudging such issue, thus submitting the whole controversy to the court; and when the court found with appellant upon the facts and law, its decree should have given her all the relief to which it had found her entitled.

The decree is correct so far as it goes, but it does not go far enough. It is, therefore, set aside, and the cause remanded with instructions to the lower court to take evidence as to the value of the twenty-five acres at the time of its sale or exchange, and then enter a decree directing conveyance of the fifteen acres to appellant, and awarding her judgment in the

sum found as the value of the twenty-five acres at the time indicated.

Crow, C. J., Parker, Fullerton, and Mount, JJ., concur.