## Hatchett v. Blacketer.

(Decided January 21, 1915.)

### Appeal from Washington Circuit Court.

1. Damages—Detaining Female Against Her Will.—The attempted crime of fornication and adultery when accompanied with taking and detaining the female against her will is a complete offense under the statute, and being so it is actionable at common law, and by Section 466 Kentucky Statutes.

2. Damages—Detaining Female Against Her Will—What Constitutes Such Detention.—The laying of hands upon a woman and squeezing her breasts was such taking and detaining as contemplated by statute.

3. Damages.—An unaccomplished purpose can only be determined by surrounding circumstances.

W. F. GRIGSBY and J. W. S. CLEMENTS for appellant.

W. C. McCHORD and WM. F. NEIKIRK for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was by the appellee to recover $10,000 damages for mental anguish and physical pain . suffered as the result of an alleged unlawful and felonious assault and battery, committed by the appellant in taking and detaining her against her will with intent to have carnal knowledge of her. In addition to the direct charge of assault and battery, the petition sets forth all the facts which Section 1158 of the Kentucky Statutes declares are sufficient to constitute the offense of "unlawfully taking and detaining a woman against her will." The appellee recovered a verdict and judgment for $500.

Appellant first insists that facts denounced by that statute are not actionable—that they amount to nothing more than an attempt to commit a crime. Yet, it is a fact that the attempted crime of fornication or adultery, when accompanied with taking and detaining a female against her will, is a complete offense under the statute. It being an offense against the statute, it is actionable at common law. City of Henderson v. Clayton, 57 S. W., 1; Sutton v. Wood, 120 Ky., 30; Clayton v. Henderson, 103 Ky., 228; Smith v. National Coal Co., 135 Ky., 671.

But, aside from the common law, a violation of a statute is rendered actionable by Section 466 of the Kentucky Statutes, which is as follows:

"A person injured by violation of a statute may recover from ;the offender such damages as may be sustained by reason of the violation, although a penalty or forfeiture be imposed by the statute."

In addition to showing facts constituting a violation of the statute, the petition, as above stated, alleges an assault and battery. If there was misjoinder, and we do not mean to so hold, the appellant made no motion to elect, and did not demur to the petition; in fact, he took no steps in the lower court to avail himself of the errors he now complains of.

The next argument of appellant is in the nature of a demurrer to the evidence.

The appellee testifies that appellant came to her house one morning in her husband's absence, and suggested to her that she married too young; "there are lots of them don't marry for love, you know what they marry for." After an interval he asked to see her baby's picture. "Well," he says, "it don't favor either of you; his chin and forehead that is all, and the mouth part is like you, and that is the pretty part, and he laid his hand on my face and it fell right down on my shoulder and breast and he squeezed my breast, and then I ran from him and told him to get out—I knocked his hand off that way—I pushed him away—I stood at the table; I didn't know what to do, it scared me so bad that I didn't know what to do." She then tells of how he begged her not to tell her husband about it, and then left, and how she cried, and of appellant's return two or three times that morning with such trifling excuses for the return as wanting to get her mail, etc., but really to beg her not to tell her husband. The husband returned at noon and she immediately made the facts known to him. They went to the home of her father-in-law that evening, where the information was again given, and six days afterwards this suit was filed.

The appellant admits going into the house and returning once that morning, but he denies any such conversation, or laying of hands on her, or squeezing her breast, and says there was nothing said about telling her husband.

The testimony of appellee is sufficient to sustain an action for assault and battery. Ragsdale v. Ezell, 49 S. W., 775 (not reported); McGee v. Vanover, 148 Ky., 737.

Moreover, the laying of hands upon the woman and squeezing her breast was a taking and detaining of her against her will. Evans v. Commonwealth, 79 Ky., 415; Malone v. Commonwealth, 91 Ky., 307; Paynter v. Commonwealth, 55 S. W., 687 (not reported); Jones v. Commonwealth, 121 Ky., 266; McKay v. Commonwealth, 145 Ky., 451.

But appellant insists that he was entitled to a peremptory instruction, because her proof did not show that his purpose was to have carnal knowledge of her. Proposals indicating this purpose may be made by indirection and the look and manner accompanying it are

as expressive as the words. The appellee testifies that soon after he came in "he tried to see how bad he could talk to me," and there can be no doubt of her belief as to his unlawful purpose. His subsequent conduct, and other suggestive remarks about the mail on his return visits that morning, are circumstances which the jury were entitled to consider in determining his purpose. An unaccomplished purpose can only be ascertained by the surrounding circumstances. We are of the opinion that the court properly refused the peremptory instruction.

Appellant argues that the acts complained of were nothing more than a harmless caressing, and that this court ought not to permit such an incident to be converted into a serious statutory offense. In the first place, that question—the purpose—was for the jury. They heard the witnesses and it was their province to say whether, under the evidence, his purpose was unlawful. No doubt, the jury would have given more consideration to this argument if the appellant had given testimony in support of it, but he denies there was a caress of any sort; says he did not touch her nor use an improper word of any sort to her. It is a simple question of veracity between the man and woman. If her story is true, then we believe the jury made no mistake as to his purpose. Under the evidence, we feel that we are not authorized to disturb the verdict.

The judgment is affirmed.