## Jenkins v. Kentucky Hotel, Inc.

(Decided Nov. 22, 1935.)

ROBERT L. PAGE for appellant.

SELLIGMAN. GOLDSMITH, EVERHART & GREENBAUM for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

Appellant, Ellen Jenkins, brought this action against the appellee, Kentucky Hotel, Inc., to recover damages for an alleged assault claimed to have arisen from a request of the house detective, about 9 o'clock in the evening of June 21, 1934, that she leave the lobby of the hotel. Upon the trial of the case, the court peremptorily instructed the jury to find a verdict for the appellee at the close of the testimony for the appellant. On the night in question, appellant says that she went to the Kentucky Hotel for the purpose of meeting her brother and sister-in-law, who were attending a meeting then in progress on the fourth floor of the hotel. She inquired of the clerk if the meeting was still going on, and, on being told that it was, she took a seat in the lobby, at a place near the elevators, where she could see who came down. While thus seated, the house detective approached her and asked what she was doing there. She told him the object and purpose of her visit, and she says that the detective told her, in a rude and insulting manner, that no such meeting as she claimed was being held in the hotel, and ordered her to leave the premises. She says that his manner and demeanor were so menacing and threatening that she believed that unless she followed his instructions he would use force bodily to evict her. Rather than be subjected to physical force, she says she left the premises and went out into the rain, where she remained for some minutes, and later came back into the hotel and went up to the meeting on the fourth floor, where she joined her brother and sister-in-law.

It is admitted that appellant was at most a mere licensee, and that if she had been requested in a proper manner to leave the lobby and had failed to do so, reasonable force could lawfully have been used to eject her. It is contended, however, that the rude and insulting manner accompanying the request to leave was an assault. With this we cannot agree. Howsoever culpable may have been the words or attitude of the de

tective, there was no unlawful offer of injury by force, and nothing, so far as the evidence discloses, from which a reasonable person might anticipate the exercise of more force than the law permitted. This court has approved the following definition:

"An assault is an unlawful offer of corporeal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of immediate peril."

Smith v. Gowdy, 196 Ky. 281, 244 S. W. 678, 679, 29 A. L. R. 1353. The words used by the detective, as recited by appellant, contained no offer of force whatever, either lawful or unlawful. While his manner, according to appellant, was rude and highly objectionable, it was nothing more. He had the right to eject appellant if she refused to leave as requested. Bad manners are not actionable. However unfortunate this affair may have been, from the standpoint of both appellant and appellee, there was nothing in the acts or conduct complained of that constituted an assault. There was no breach of any legal duty owed to appellant.

Judgment affirmed.