Reuben KOCH, Appellant,

v.

Alice L. STONE, Guardian of Charlotte
Frances Stone, etc., Appellee.

Court of Appeals of Kentucky.

Feb. 19, 1960.

Grant F. Knuckles, W. R. Lay, Pineville, for appellant.

Joseph K. Beasley, Harlan, for appellee.

**530**

Benton, Benton, Luedeke & Rhoads, Daniel W. Davies, Davies & Hirschfeld, Newport, for appellant.

Lawrence Riedinger, Jr., Lester & Riedinger, Newport, for appellee.

MONTGOMERY, Chief Justice.

Alice L. Stone, as guardian of Charlotte Frances Stone, an infant, recovered judgment against Reuben Koch in the sum of $10,000 for damages for an alleged assault on the child. A conviction of assault and battery arising from the same conduct was reversed on the ground that the evidence of criminal intent was insufficient to support the verdict. Koch v. Commonwealth, Ky., 290 S.W.2d 783. On this appeal, appellant again questions the sufficiency of

the evidence to sustain the verdict. He also complains that the court erred in refusing to submit an instruction on physical injury and that the verdict is excessive.

Charlotte Frances Stone testified that Reuben Koch suggested giving her a bath, took off all of her clothes, stood her on a stool and "put his hands where he shouldn't" further described as "Where I wet." It was brought out on cross-examination:

"Q. And when you say he put his hands down where he shouldn't, he had the washrag and he washed between your legs, didn't he? A. Yes."

\* \* \* \* \* \*

"Q. Now, when he dried you, he did the same thing with the towel and dried between your legs, didn't he? A. Yes.

"Q. And then when you were all through, when he dried you and before he dressed you, then he smacked you on the leg and didn't he kiss you and say, 'You are my little girl'? A. Yes.

"Q. And then he proceeded to dress you, isn't that right? A. Yes."

Charlotte also testified that Koch patted her on her back, hugged her, and patted her on the leg between the knee and thigh.

This conduct occurred on the second floor of Koch's workshop about eight o'clock at night on November 2, 1953. Charlotte was then past eight years of age. Virginia Ament, then between eleven and twelve years of age, and Dorothy McKenzie, Charlotte's half sister, aged seven years, were present. The testimony of Charlotte was corroborated by the testimony of Dorothy and Virginia.

Charlotte also testified that she had been bathed by Koch on previous occasions at his workshop. Virginia said that Koch had bathed her also and "once stuck his finger into me." She said that Koch took

a shower in her presence in the basement of his home. She also disrobed and took a shower. In rebuttal, she said that Koch on one occasion, without solicitation, had purchased a brassiere for her, undressed her to the waist, and fitted the brassiere on her. No question is raised in Koch's brief as to the admissibility of evidence of other incidents.

Violet South, who lived across the street from the Koch workshop, testified to having seen Koch and the nude child on November 2, 1953. She called the police. She said that the door to the workshop building was locked. By the time the police gained entrance to the building, over the protest of Koch, Charlotte was dressed. Mrs. South said she had seen Koch on other occasions with little girls, nude, on the second floor of his workshop. Her testimony was corroborated by that of her husband.

The testimony for the appellee is substantially the same as the evidence introduced by the Commonwealth in the prosecution. The testimony introduced in behalf of Koch is fully set forth in the Koch v. Commonwealth opinion. While there is evidence that Koch indulged in acts of kindness to many small children, there is no definite evidence that he ever bathed any little boy during the several years in which he was shown to have been bathing little girls. Koch never bathed or offered to bathe Charlotte's little brother or the small South boys who lived across from his shop. Why he did not is the unanswered question. This is significant when considered with the pattern of Koch's conduct toward little girls. In other cases, this Court has had no difficulty in deciding that similar or less offensive conduct was to be condemned severely. Clark v. Commonwealth, Ky., 274 S.W.2d 654; Lair v. Commonwealth, 330 S.W.2d 938, decided October 23, 1959, petition for rehearing overruled January 22, 1960; and McDonald v. Commonwealth, Ky., 331 S.W.2d 716. The McDonald case, in effect, overruled

Koch v. Commonwealth, Ky., 290 S.W.2d 783.

■ Appellant argues that no fear or injury, bodily or otherwise, resulted from his actions; hence, there was no actionable misconduct. Civil liability has been upheld for taking improper familiarities with a female resulting only in fear, humiliation, or mental anguish without immediate physical injury. Hatchett v. Blacketer, 162 Ky. 266, 172 S.W. 533; Ragsdale v. Ezell, 49 S.W. 775, 20 Ky.Law Rep. 1567. The peculiar basis on which those cases rest distinguishes them from the usual emotional distress cases recognized in Smith v. Gowdy, 196 Ky. 281, 244 S.W. 678, 29 A.L.R. 1353; North East Coal Company v. Pickelsimer, 253 Ky. 11, 68 S.W. 2d 760, and Jenkins v. Kentucky Hotel, 261 Ky. 419, 87 S.W.2d 951.

The law in Kentucky seems exemplified by the following:

"It is clear that where the defendant comes into physical contact with the plaintiff by taking improper familiarities with her against her consent, he is guilty of an assault and battery upon her although she suffers no physical injury therefrom. The injury resulting from fear, shame, humiliation, etc., is sufficient to entitle the plaintiff to recover substantial damages for the assault." Annotation 6 A. L.R. 985, at page 994.

■ Appellant argues that the child involved had no fear and consented to the conduct in question. It is very doubtful whether the child of eight years knew or could have known and realized the nature and possible consequences of appellant's acts. Similar conduct is severely condemned by KRS 435.105, wherein it is made a felony punishable by imprisonment for not less than one year nor more than ten years. See the Clark and Lair cases previously mentioned. Under such circumstances, a child's consent, if given, is immaterial since

**532**

it might be. induced readily by an older man under the guise of kindness or charity.

 The evidence is considered sufficient to sustain the verdict as to liability. The trial court was not in error in refusing to instruct on physical injury.

Appellant urges that the verdict of $10,-000 for damages is excessive. Punitive damages were not sought. Research has disclosed no similar case in this state.

In Collins v. Wilson, Ky., 39 S.W. 33, 34 an 1897 case, a verdict for $1,000 was upheld. There, appellant went to the home of a girl some seventeen years of age and "solicited her to have sexual intercourse with him, accompanying his request with a forcible seizure of the girl about the waist, and other improper conduct, not necessary to mention." In the Ragsdale case, 1899, and in the Hatchett case, 1915, verdicts of $700 and $500, respectively, were upheld. The cases are indefinite as to whether punitive damages were included. No complaint of excessive damages was made in the Hatchett case.

 The test of excessiveness is whether the award is so great as to strike the mind at first blush as being the result of passion and prejudice. Great Lakes Greyhound Bus Lines v. Hightower, 6 Cir., 163 F.2d 1016; Commercial Carriers, Inc. v. Matracia, Ky., 311 S.W.2d 565. The adequacy and inadequacy of damages cannot be measured properly from adjudicated cases, nor can any general rule on the subject be laid down. The facts of each case must determine the amount of the verdict. Roland v. Murray, Ky., 239 S.W.2d 967; Louisville Taxicab & Transfer Company v. Langley, Ky., 265 S.W.2d 931.

In considering the earlier awards as comparative criteria for determining whether the verdict here is excessive, regard must be had for the intervening change in the value of money. Crawford v. Alexander, Ky., 259 S.W.2d 476; Hedges v. Neace, Ky., 307 S.W.2d 564. In spite of the decrease in the value of money, it is concluded that the verdict of $10,000 for damages is excessive.

Liability having been established and the damages having been determined to be excessive, a new trial is awarded on the sole issue of the amount of damages to be awarded. CR 59.01. Jackson v. Raisor, Ky., 248 S.W.2d 905; Louisville & Nashville Railroad Company v. Mattingly, Ky., 318 S.W.2d 844.

The judgment is affirmed as to liability and reversed for a new trial on the issue of damages.