On Rehearing.

HAWTHORNE, Justice.
The application for rehearing of plaintiff Mrs. Aline Gaspard was granted so that we could give further consideration to our decree reducing a jury award of $19,500.00 in her favor to $8500.00. The reduction was made on the ground that “a degree of uniformity of awards in court decisions ‘should be maintained so far as possible’ ”.
In this court and in the Courts of Appeal there are numerous cases in which awards made by the judge or the jury for personal injuries have been reduced, or increased, solely for the purpose of maintaining uniformity of awards in personal injury cases.[1] As we now view the matter, entirely too much emphasis has been given to the goal of uniformity of awards for similar injuries, the appellate courts’ role in maintaining this uniformity has been extended too far, and adjudicated cases have been given too much weight in the appellate courts’ determination of the adequacy or inadequacy of awards. When the doctrine is urged as applicable, cases relied upon may be similar in that each of them involves a similar injury such as a broken arm, the loss of an eye or eyes, or the loss of some member of *266 the body. Thereafter, however, the similarity ceases for each case is different, and the adequacy or inadequacy of the award should he determined by the facts and circumstances peculiar to the case under consideration. The primary purpose of the judge or the jury in fixing the award in a personal injury case is to adequately compensate the injured person for his injury under the facts shown to exist in his case.
This overemphasis of uniformity of awards has resulted from the failure of the appellate courts to observe and follow the basic law as found in our Civil Code in their review of the amount of awards in personal injury cases. The writers of our Civil Code in setting out the measure of damages for -breach of contract pointed out that “there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party”, and that “In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must he left to the judge or jury * * * La.Civ.Code Art. 1934(3). (Italics ours.)
The primary question before the appellate court, then, is whether the judge or the jury in fixing the amount of the award has abused this great discretion vested in them by law. If for the purpose of uniformity the amount of the award is to be determined and fixed within certain limits —a maximum and a minimum based on prior adjudicated cases — , the discretion vested by the Code in the judge or the jury, may be destroyed or at least stringently curtailed. In view of our codal provision, the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration
Although cases from other jurisdictions are not controlling here, it is interesting to note how little value is placed upon the doctrine of uniformity by courts in other states in determining whether the award in a personal injury case is excessive. In recent cases these courts have said:
“ * * * It is well established that verdicts rendered in other actions of a similar nature can be of but meager value in determining whether a verdict in a given case is excessive. * * * ” Hubbard v. Long Island Railroad Co., 152 F.Supp. 1, 2 (D.C.N.Y.1957).
“ * * * comparisons of other verdicts is of little value. Each case has to stand on its own facts. * * * ” Hover v. MacDonald Engineering Co., 183 F.Supp. 427, 431 (D.C.Iowa 1960).
“We have said comparison of verdicts in different cases is not a satisfactory method of deciding whether a particular award is excessive. * * * Nevertheless such com *268 parison of recent verdicts does have some limited value. * * * ” Tucker v. Tolerton & Warfield Co., 249 Iowa 405, 86 N.W.2d 822 (1957).
“In considering damage awards, each case must depend upon its own facts, and precedents are of little value. * * * ” Rauch v. American Radiator & Standard Sanitary Corporation, 252 Iowa 1, 104 N.W.2d 607, 615 (1960).
“ * * * The question of amount of damages is primarily factual and is, therefore, not to be decided upon the basis of awards made in other cases. * * * ” Stuart v. Matranga, 162 Cal.App.2d 469, 328 P.2d 233, 235 (1958).
“ * * * A comparison of awards made in other cases is a most unsatisfactory method of determining a proper award in a particular case, not only because the degree of injury is rarely the same, but also because the dollar no longer has its prior value. * * * Turchi v. Shepherd, 230 Ark. 899, 327 S.W.2d 553, 556 (1959).
“ * * * the size of a personal injury verdict cannot be justified solely by comparison with other verdicts nor be established by reference to definite standards.” Ahlstrom v. Minneapolis, St. Paul & Sault Ste. Marie Railroad Co., 244 Minn. 1, 68 N.W.2d 873; 889 (1955).
“ * * * The adequacy and inadequacy of damages cannot be measured properly from adjudicated cases, nor can any general rule on the subject be laid down. * * * ” Koch v. Stone, 332 S.W.2d 529, 532 (Ky.App.1960).
“ * * * Each case must stand, more or less, upon its own facts and circumstances and a comparison with other cases and the amount of their verdicts are of little or no help.” Missouri Pacific Railroad Co. v. Handley, 341 S.W.2d 203, 205 (T ex.Civ.App.1960).
“ * * * A comparison with other cases is sometimes fraught with danger because, of course, each case is different and must of necessity be measured in the light of the circumstances peculiar to it. Nevertheless, it is recognized that reference to amounts' awarded in similar cases has at least a limited value. * * * ” Loftin v. Wilson, 67 So.2d 185, 189 (Fla.Sup.Ct.1953).
See also Annotation, Excessiveness of damages in action by person injured for personal injuries not resulting in death, 16 A.L.R.2d 3, 27; Catalano, Negligence Law: The Theory of Comparable Verdicts, 45 Am.Bar.Jour. 811 (1959); Zelermyer, Damages for pain and suffering, 6 Syracuse L.Rev. 27, 28.
Evidently, the justice of this court who dissented from our original decree reducing the jury award to $8500.00 thought along the same lines as those other courts in regard to the value or weight to be given to awards for similar injuries in adjudicated cases. He said:
*270 “The resort by the majority to a comparison of this case to others in fixing the award, I feel, brings about an improper result. Is this court to set up a schedule for compression fractures of the back like a workman’s compensation schedule? In the absence of statutory regulation, and there is none in cases of this kind, each case must stand on its own merits, with much discretion allowed to the court below. Such a precedent as the majority establishes by this decision may prove to be as inhibiting as a statute in a field which should by its very nature be unrestrained, except by the sound discretion of the trier of fact. * * * ”
In a case decided just this year by the Third Circuit Court of Appeal, White v. Robbins, La.App., 153 So.2d 165, that court took a realistic and proper view of the value and the weight to be given to the doctrine of uniformity of awards, saying:
“It is true that awards made should not be all out of proportion with previous awards made for somewhat similar injuries. * * * ”
“However, in using the awards made in previous cases as a guide to evaluate the award of damages for the particular injuries involved in a subsequent case, the reviewing court must take into consideration that each case is decided on the basis of its own peculiar factual circumstances, which may vary greatly from case to case even involving somewhat similar injuries.
* * * Since an award of damages for personal injuries is of necessity somewhat arbitrary and also must vary greatly with' the facts and circumstances of each case,' the trial court is entrusted with large discretion in making such awards, which discretion ordinarily should not be disturbed on appellate review. * * *
“Thus, on appellate review of a trial court award for pain and suffering, the question is not to calculate with any mathematical exactitude any fixed amount as alone proper under the circumstances, nor to attempt to reconcile widely variable and in fact irreconcilable past awards for injuries which in the abbreviated appellate discussion of them seem somewhat similar. The function of the reviewing court is simply to determine whether the present trial court award is manifestly excessive or manifestly insufficient under all the circumstances of the present case.”
In the instant case the Court of Appeal found that the plaintiff sustained a very painful injury, that its effects were of a permanent nature, and that she would be subject to a certain amount of pain for the rest of her life. See La.App., 146 So.2d 467, 470. We are in full accord with the finding of the Court of Appeal, for plaintiff has established to our satisfaction the following facts: As a result of the accident she suffered a 30 per cent compression frac *272 ture of the first lumbar vertebra, which caused the vertebrae above and below to be brought closer to the fractured vertebra. The fracture together with the associated spasm indicating a tearing of ligament, muscles, and surrounding tissues. She remained in the hospital three and a half weeks, and while there suffered much pain. After leaving the hospital she wore a brace, and she could do what household tasks she was able to perform only while standing as she could not stoop without pain. It was difficult for her to sleep, and she was still taking sedatives at the time she gave her testimony approximately 13 months after the accident. She constantly complained to her husband of the pain she was suffering, and because of her limitation of motion he had spent $7000.00 or $8000.00 to prepare the home so she could do her work without bending. The injury which she suffered produced fibrosis in the injured tissues which would be permanent and permanently painful. Her motion would be limited for the rest of her life, and the alignment of her back was changed permanently with resulting permanent damage.
In view of these facts and circumstances we now conclude that there was no abuse of the discretion vested in the jury when it awarded to her $19,500.00 as damages, and that we erred in reducing that award. Moreover, from our consideration of the nature and extent of plaintiff’s injury, and the pain and suffering resulting to her from it, the awards in cases involving similar injuries relied on by defendants to sustain their contention that the jury award in this case was excessive do not persuade us that the jury abused or exceeded its discretion here.
This rehearing was limited solely to the question of quantum, and in all other respects our original decree has become final. For the reasons assigned, that part of our original decree relating to quantum is amended so as to read' as follows:
It is ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff in the full sum of $19,500.00, together with legal interest thereon from date of judicial demand until paid; that defendants, Bradley C. LeMaire and North River Insurance Company, are condemned, individually and in solido, but only to the extent of $10,000.00 as to North River Insurance Company, together with interest at the rate of five per cent per annum until $10,000.00 is paid; that United States Casualty Company is also condemned in solido with the other two defendants, but only to the extent of $5000.00, together with interest at the rate of 5 per cent per annum until $5000.00 is paid, and that each defendant is entitled to contribution from the others up to the amount for which each is held in solido, except that the United States Casualty Company is not entitled to contribution from its *274 insured, Bradley C. LeMaire. The right to apply for a rehearing on the question of quantum is reserved to all defendants.

. Some of these cases are Williams v. W. R. Pickering Lbr. Co., 125 La. 1087, 52 So. 167 (1910) ; Warren v. Fidelity-Mutual Insurance Co., 99 So.2d 382 (1st Cir. La.App.1957) ; Thomas v. Great American Indemnity Co., 83 So.2d 485 (2nd Cir. La.App.1955) ; Broussard v. Lormand, 138 So.2d 677 (3rd Cir. La.App.1962) ; Cassreino v. Brown, 144 So.2d 608 (4th Cir. La.App.1962).