Roy Lee SIGLER, Appellant,

v.

Little I. RALPH, Appellee.

Court of Appeals of Kentucky.

June 30, 1967.

John B. Anderson, Owensboro, for appellant.

Joseph R. Flaherty, Bratcher, Rummage, Beard & Flaherty, Owensboro, for appellee.

EDWARD P. HILL, Judge.

At the conclusion of appellant-plaintiff's evidence the trial court directed a verdict for appellee-defendant, Little I. Ralph, in the former's suit for damages alleging assault and battery. This appeal followed.

Appellee Little I. along with the people of Daviess County in July 1965 celebrated the sesquicentennial of the county's founding. Overalls, beards (sometimes false) and large black hats were in vogue for the men. For the women, the mini-skirt was lengthened to the ankles.

On the day in question, Little I. Ralph, wearing overalls, a black hat, and a false beard and barefoot, dismounted from his mule, hitched it up, and entered the front door of the jail. He conversed with the jailer, Billy Pence. At this time, appellant Roy Lee Sigler was an occupant of the jail, having been placed there because of his inability to pay his fine for drunkenness. He was a frequent inmate of the jail, having made some seventy-five involuntary visits to the jail the twelve months before the celebration. He was often treated as a trusty and allowed to roam at will in and around the jail.

Sigler came to the office of the jail to inquire of the jailer as to his kitchen duties. Little I. had just left the office to go to the rest room nearby. He was returning to the office when Sigler came in the front door. Sigler took about two steps inside when, according to Sigler, "Little I. Ralph rushed from the door on my left, pressed a gun against my body and fired. The blood gushed, Mrs. Pence ran and Bill jumps up and grabs me * * *." Sigler also testified: "He came from my left and I just saw a bulk shadow like. It all happened so quick. Just as he pressed the gun up against me, I kindly went back a little and the gun fired—well, it was red hot powder and wadding went into the bone here on my arm, three months ago." Sigler was taken to the hospital where he was confined for about a week. His hospital bill was $180.

There was no evidence of any ill feeling between Sigler and Ralph; in fact, they hardly knew each other before this incident.

In keeping with the practice and spirit of the year 1815, the beginning of the period being celebrated in Daviess County, plain-

tiff instead of alleging carelessness averred the common law allegations of assault and battery.

The trial court was of the opinion that it was incumbent on plaintiff to prove hostile intent on the part of defendant in order to sustain an essential element of assault and battery and cited Perkins v. Stein, 94 Ky. 433, 22 S.W. 649, 20 L.R.A. 861, and that he failed to show such hostile intent. Thus, the directed verdict was required.

Defendant argues that assault and battery is semicriminal in nature evolving from the common law remedy of trespass and that "formed intention is an essential element of assault and battery." To support his position he relies principally on Perkins v. Stein, 94 Ky. 433, 22 S.W. 649.

The Perkins case, supra, was decided in 1893 at a time when the "straitjacket" common law rules of civil procedure were in effect. Furthermore, in Perkins the only question presented was whether or not the cause of action survived the death of the injured party, and it has no application in the present case.

■ The present case was practiced by the attorneys in the trial court and was treated by the trial court under common law rules. A number of criminal cases were cited by appellee. In all of them the court announced the rule that in such cases malice must be proven or inferred from the circumstances. The requirement of proof of malice in assault and battery action in criminal cases is still in effect. But, in this case we are not dealing with a criminal case but with a civil action for damages.

■ While the plaintiff, now appellant, couches his allegations in terms of "assault and battery," these terms do not require us to revert to common law rules of civil procedure. CR 8.01 provides:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled."

Let us, then, review the definition of assault and battery.

" 'An assault is an attempt or effort, with force and violence, to do a corporal hurt to another by striking at another in striking distance with or without a weapon, though the party striking misses his aim.

" 'A battery is any unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him.' " [1]

■ So the pleader is simply alleging in the present case that Little I. made "an attempt or effort to * * * do a corporal hurt" to the plaintiff and that plaintiff was struck and injured thereby. Of course, it was unnecessary to allege that Little I. had any malice or unlawful intention. The allegation of assault and battery was enough so far as the pleading was concerned. So far as the proof is concerned, the cause of action depends upon an intentional laying of hands and could not succeed on negligence; nevertheless, the use of a firearm under these circumstances was enough to justify a jury in inferring intent.

In Koch v. Stone, Ky., 332 S.W.2d 529, this court recognized liability for the mere touching by one person of another. Also in Hatchett v. Blacketer, 162 Ky. 266, 172 S.W. 533, 534, this court recited that, "[m]oreover, the laying of hands upon the woman and squeezing her breast was a taking and detaining of her against her will", and recovery was allowed.

■ In the instant case, the appellee did not testify, and the evidence is not clear as to the character or caliber of the weap-

1. Caldwell's Kentucky Judicial Dictionary, Volume I, p. 262.

on used by Little I. But there was evidence that whatever it was, it had a metal barrel and had a hot flash of fire that came from the metal barrel and entered appellant's wrist along with some slugs. It is apparent that Little I. had arranged some blank cartridges for a 22-caliber pistol and wanted to have some fun. If he had kept his distance, it probably would have been all right. But any reasonably-minded person should know that even with blank ammunition it is reckless and dangerous to place the muzzle of a weapon so close to the person of another and that burned powder, concussion or any material used for wadding purposes is calculated to do serious injury.

The judgment is reversed with direction to grant appellant a new trial.

All concur.